Simon Silver, J.
The defendant is charged with the violation of disorderly conduct under section 240.20 of the Penal Law.
The arrest took place on December 7, 1967 during a week of demonstrations in Battery Park. The demonstrations were labelled “ Stop the Draft Week.” The defendant contends that at the time of the arrest the previously announced purpose of the demonstrators to ‘ ‘ close the Induction Center had been abandoned.” The defendant styled himself as one of the ‘1 demonstration leaders. ’ ’
The evidence establishes that the defendant, at various times during the early morning of December 7, addressed the crowd of several hundred people in Battery Park and that at about 6:50 a.m. while standing on a bench he urged the people to march in a public street and that the people did so and thereby blocked and obstructed vehicular traffic. The defendant was arrested after he left the bench and walked to the head of the group preparatory to marching out to the public street. Thus, the defendant did not himself march or parade with the group.
The defense claims that the right of free speech and the group’s right to freely assemble have been unconstitutionally infringed upon and that the words uttered and the action of the group were directed towards legitimate purposes.
It is elementary that traffic regulations in general are in fact some denial of liberty. Thus, a person driving a motor vehicle must stop at a red light, must comply with the speed limits set at various places, and many many other restrictions. Yet, without such laws regulating traffic, no motorist would be able to move at all and all traffic and the free movement of pedestrians would be completely obstructed. It has long been recognized that constraints are necessary in order to minimize constraints.
Ordinary commerce and the normal use of public thoroughfares are the modest marks of a peace-time community. An assembly, regardless of how large, need not interfere with the flow of commerce unless its organizers intend it to do so.
While the highly valued First Amendment right of expression must never be defeated, the time, place, and manner of its exercise are subject to minimum regulation in the interests of demonstrable requirements of public safety and freedom of movement (Hague v. C.I.O., 307 U. S. 496; Cox v. Louisiana, 379 U. S. 536).
As noted by Mr. Justice Fortas in his concurrence in Shuttlesworth v. Birmingham (382 U. S. 87, 100) “ Civil rights leaders, like all other persons, are subject to the law and must comply with it. Their calling carries no immunity. Their cause confers no privilege to break or disregard the law.”
*1045 In the case at bar, the defendant did not actually march at the head of the group as he intended. This was prevented by his arrest when he reached the starting point. He is guilty, if at all, as an accessory.
This principle of accessorial liability requires that three elements coexist. First, that another person engaged in conduct which constitutes an offense; second, that the aider or abettor ‘ ‘ solicits, requests, commands, importunes, or intentionally aids such person” or persons “to engage in such conduct”; and third, that the aider or abettor act “ with the mental culpability required for the commission” of the offense. (Penal Law, § 20.00.)
An offense is defined in section 10.00 as ‘ ‘ conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state ”. Thus, a violation of section 240.20 is clearly an offense.
The testimony establishes that the defendant solicited, requested or importuned other persons to march in the public streets without a permit as required in section 435-9.0 of the Administrative Code of the City of New York and that they blocked and obstructed traffic.
The “ intent to cause public inconvenience, annoyance or alarm or recklessly creating a risk thereof ” (Penal Law, § 240.20) is established when such person ‘1 is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists.” (Penal Law, § 15.05.)
The demonstrations during the week of December 4 to December 8,1967 were directed at interfering with the Selective Service System. While this purpose was claimed to have been abandoned on the day in question, no permit for a march had been obtained and when the defendant urged the group to leave the park and march uptown, he was cognizant of the risk such a march would entail with regard to disturbing or dislocating the orderly flow of traffic in the public streets.
Accordingly, the defendant is found guilty of violating subdivisions 5 and 7 of section 240.20 of the new Penal Law.