Per Curiam.

On December 7, 1967, at about 6:50 a.m., while standing on a bench, defendant addressed a crowd of several hundred people in Battery Park protesting the Vietnam War. He eventually told the group: “Let’s everybody go now and we will go right up the street, right up the middle of the street.” The intended destination was two armed forces’ recruiting stations, the nearest being at Worth Street. “ The defendant was arrested after he left the bench and walked to the head of the group preparatory to marching out to the public street. Thus, the defendant did not himself march or parade with the group ” (Opn. below, 56 Misc 2d 1043, 1044).
The First Amendment is the ‘ ‘ matrix, the indispensable condition, of nearly every other form of freedom ” (Palko v. Connecticut, 302 U. S. 319, 327). The counterpart of the great canon is found in our State Constitution (art. I, §§ 8, 9). Meetings such as the one in Battery Park are fully protected by the First and Fourteenth Amendments, as well as by the State Constitution (Hague v. C.I.O., 307 U. S. 496, 515; Kunz v. New York, 340 U. S. 290, 293; Cox v. Louisiana, 379 U. S. 536, 555). Similarly, parading in the street is a method of expression. “ The privilege of a citizen of the United States to use the streets and parks for communication of views on national questions may be regulated in the interest of all; it is not absolute, but relative, and must be exercised in subordination to the general comfort and convenience, and in consonance with peace and good order; but it must not, in the guise of regulation, be abridged or denied” (Hague v. C.I.O., 307 U. S. 496, 515-516, supra) quoted with approval in Shuttlesworth v. Birmingham, 394 U. S. 147, 152). “Wherever the title of streets and parks may rest, they have immemorially been held in trust for the use of the public and, time out of mind, have been used for purposes of .assembly, communicating thoughts between citizens, and dis *1039 cussing public questions ” (Hague v. C.I.O., 307 U. S., at p. 515).
Defendant was found guilty of violating subdivisions 5 (.obstructing vehicular or pedestrian traffic) and 7 (creating a hazardous or physically offensive condition by any act which serves no legitimate purpose) of section 240.20 (disorderly conduct) .of the Penal Law. Since defendant was arrested before the parade started, and, consequently, neither marched nor personally obstructed traffic, he was found guilty “asan accessory ’ ’.
Defendant instructed no one to obstruct traffic or to create a hazardous condition by an act which served no legitimate purpose. Judged in the context of his fundamental rights, it may not be said beyond a reasonable doubt that he was an accessory (Penal Law, § 20.00) of those who did, following his arrest.
Judgment of conviction reversed ,on the law and on the facts and complaint dismissed.
Concur — Stbeit, Hoestadteb and Gold, JJ,
Judgment reversed, etc.