*212 OPINION OF THE COURT
Laura Safer-Espinoza, J.
The defendant, Carlo Francia, is charged in an information with criminal possession of stolen property in the fifth degree (Penal Law § 165.40) and possession of burglar’s tools (Penal Law § 140.35). By notice of motion dated March 4, 1992, the defendant has moved this court for dismissal of the information for facial insufficiency. Defendant also moves to suppress physical evidence seized from defendant on the ground that the evidence is the fruit of an unlawful search.
FACTS
The defendant was arrested along with a codefendant, Valentine Flores* on February 21, 1990 at approximately 9:20 p.m. at Spring and Webster Streets in Manhattan. The information states that the defendant committed the charged crimes in the following manner:
"Deponent observed the defendants together splitting up items from a bag and discarding papers. Deponent recovered one of said papers and found it to be a pay stub in the name of Frances Bainlardi for $572.69.
"Deponent is informed by Police Officer Cama, of the 001, that Police Officer Cama, observed Carlo Francia holding a screwdriver in defendant Carlo Francia’s right hand.
"Deponent states that he observed defendant Valentine Flores holding a blue nylon bag. Deponent states that said nylon bag contained a screwdriver, a knapsack, a key ring with keys, a picture identification, in the name of Frances Bainlardi, Health and Beauty Products, and film as well as many other items.
"Deponent recovered $326.00 from defendant Valentine Flores’ right front pants pocket and $237.00 from defendant Carlo Francia’s pants pocket.”
A supporting deposition from Ms. Bainlardi states that she had cashed a paycheck previously attached to the pay stub found in defendants’ possession and that she had left the money in the knapsack also found in defendants’ possession.
To be facially sufficient, an information must state evidentiary factors which provide "reasonable cause” to believe that the defendant committed the offenses charged. Nonhearsay *213 allegations of the factual part of the information and/or any supporting depositions must establish, if true, every element of the offense charged and defendant’s commission thereof. (CPL 100.40 [1] [b], [c]; 100.15 [3].) Mere conclusory statements will not suffice. (People v Dumas, 68 NY2d 729 [1986].) An information which fails to satisfy these requirements is jurisdictionally defective. (People v Alejandro, 70 NY2d 133 [1987].)
Defendant is charged with committing the following two offenses:
"Criminal possession of stolen property in the fifth degree
"A person is guilty of criminal possession of stolen property in the fifth degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof.” (Penal Law § 165.40.)
"Possession of burglar’s tools
"A person is guilty of possession of burglar’s tools when he possesses any tool, instrument or other article adapted, designed or commonly used for committing or facilitating offenses involving forcible entry into premises, or offenses involving larceny by a physical taking, or offenses involving theft of services as defined in subdivisions four, five and six of section 165.15, under circumstances evincing an intent to use or knowledge that some person intends to use the same in the commission of an offense of such character.” (Penal Law § 140.35.)
Defendant argues that the first count of the information is insufficient on its face in that it includes no allegation that the evidence was stolen or that the defendant knew that the goods were stolen. Defendant does not specifically address the sufficiency of the second count of the information.
MOTION TO DISMISS
The essential elements of the charge of criminal possession of stolen property which must be set forth in a facially sufficient information are: 1) defendant’s knowing possession of the property; 2) the item in question constitutes stolen property; 3) defendant’s knowledge that said property was stolen; and 4) defendant’s intent to benefit himself or a person other than an owner or to impede the recovery of an owner thereof. As to the first element, the instant information describes conduct clearly indicating that defendant knowingly possessed the property in question. Defendant was seen "split *214 ting up items” from the nylon bag. "Generally, possession suffices to permit the inference that the possessor knows what he possesses, especially, but not exclusively, if it is in his hands, on his person, in his vehicle, or on his premises. * * * This, of course, is an elemental inference based on common experience and all but universal probabilities.” (People v Reisman, 29 NY2d 278, 285 [1971], cert denied 405 US 1041.)
As to the second and third elements, defendant claims that there is no allegation in the information that the property was stolen or that he knew it was stolen. Courts in New York have long recognized that knowledge that property is stolen may be shown circumstantially, such as by evidence of exclusive possession at a time soon after the theft occurred, defendant’s conduct, or contradictory statements from which guilt may be inferred. (People v Zorcik, 67 NY2d 670 [1986]; People v Reisman, supra.)
Here, the information alleges that defendant was splitting up items in the bag and discarding papers, including the pay stub which identified the owner of the property. Additionally, and most significantly, defendant and his codefendant were arrested with United States currency in their pants pockets which totalled $563, very near the $572.69 value of the discarded pay stub. Even assuming, arguendo, that defendant believed this was lost or abandoned property, it is well established that the finder of lost property must make every reasonable effort to find the owner when he has the means to do so or else the finder exposes himself to possible prosecution. " 'A person who finds lost property under circumstances which give him knowledge or means of inquiry as to the true owner, and who appropriates such property to his own use, or to the use of another person who is not entitled thereto, without having first made every reasonable effort to find the owner and restore the property to him, is guilty of larceny.’ ” (People v Seaton, 15 NYS 270 [Sup Ct, 1st Dept 1891], quoting statutory larceny definition in 1881 Penal Code § 539.)
Current Penal Law § 155.05 (2) (b) similarly includes the acquisition of lost property under the definition of larceny. "It reasonably requires that a person who comes into possession of lost, mislaid, or misdirected property take 'reasonable measures’ to return the property to its owner. Failing to do so will constitute a larceny.” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 155, at 103 [1988].)
*215 While defendant here is not charged with larceny, the above definitions are clearly relevant to establish that the property in this case was stolen as well as the defendant’s knowledge of that fact. Defendant’s pocketing of $237 while discarding the documents which would have led to the obvious owner belies any claim that he did not know the property was stolen, or that he was not acting to "benefit himself’ or "impede the recovery [of the property] by an owner.” Thus, all essential elements of the charge of criminal possession of stolen property in the fifth degree are clearly set forth in the information.
Defendant is also charged with violating Penal Law § 140.35, possession of burglar’s tools. The elements of this offense are possession of the tools, the adaptability of the tools for the commission of the crime of burglary, and an intent to use the tools in the commission of an offense involving forcible entry, or a larceny by physical taking. (People v Atson, 139 AD2d 520, 521 [2d Dept 1988].)
The instant information states that defendant was holding a screwdriver in his right hand. Although a screwdriver can be considered a burglar’s tool in certain circumstances, a screwdriver in and of itself is not a "burglar’s tool” and no presumption of intent to use it in the commission of an offense can arise from its mere possession. (People v Borrero, 26 NY2d 430, 434 [1970].) Although circumstantial evidence can be used to establish the requisite intent, the facts recited in the information do not provide any basis to infer that defendants engaged in, or intended to engage in, a forcible entry.
It is, therefore, this court’s determination that the factual allegations in the information are sufficient to establish a prima facie case that defendant violated Penal Law § 165.40 (criminal possession of stolen property in the fifth degree), but not sufficient to establish a prima facie case that defendant violated Penal Law § 140.35 (possession of burglar’s tools).
Accordingly, defendant’s motion to dismiss the information is denied as to count one and granted as to count two.
MOTION TO SUPPRESS PHYSICAL EVIDENCE
Defendant seeks to suppress the physical evidence seized on the ground that the officers lacked probable cause to search him. Defendant argues that the information alleges only that the defendant was seen "splitting up” property contained in a nylon bag. The People respond by stating merely that the *216 search was lawful. Defendant is entitled therefore to a Mapp hearing to determine if the evidence was lawfully obtained. Accordingly, defendant’s motion to suppress the physical evidence is granted to the extent of adjourning the case for a Mapp hearing.

 Mr. Flores entered a plea of guilty to the charge of criminal possession of stolen property in the fifth degree in satisfaction of the docket.