*90 OPINION OF THE COURT
Memorandum.
Judgments convicting defendants McDaniel, Shaw and Tierney of obstructing governmental administration and resisting arrest, reversed on the law and facts and accusatory instruments dismissed.
Judgments convicting defendants McDaniel, Shaw and Tierney of trespass and disorderly conduct, modified as a matter of discretion in the interest of justice by reducing their sentences to time served.
On January 20, 1990, defendants and others blocked the front and rear entrances to a building in Dobbs Ferry as part of an antiabortion demonstration. The People’s testimony established that the police were requested by the owner of the building to have the demonstrators leave his property and that the police gave repeated requests for the demonstrators to leave. The requests were ignored and the demonstrators were arrested. Defendant McDaniel was chained to the rear door, with a "Kryptonite” bicycle lock and the defendants Shaw and Tierney were seated in front of the rear door or were in a fetal position when the police approached to take them to the buses and be processed for the arrest. None of the people arrested cooperated with the officers and this resulted in each of the demonstrators, including the three herein, having to be carried from the property to the bus. All of the defendants were charged with obstructing governmental administration, resisting arrest, criminal trespass and disorderly conduct. They were convicted of all the charges except for that of criminal trespass, where they were found guilty of the lesser included offense of trespass. Defendant McDaniel was sentenced to 120 days in jail for obstructing governmental administration and for resisting arrest. Defendants Shaw and Tierney were sentenced to 90 days in jail for each of those convictions and all of the defendants were sentenced to 15 days in jail for the trespass and disorderly conduct convictions, with the sentences to run concurrently.
In People v Heiner (NYLJ, July 5, 1991, at 30, col 2 [App Term, 9th & 10th Jud Dists]) this court was presented with the first appeal from a defendant convicted at this demonstration. That case had the peculiar fact pattern resulting from the offer of the police to the defendant that he could be carried or he could walk to the bus, with no mention made that being carried might expose him to further criminal *91 responsibility. The conviction of defendant Heiner for resisting arrest was reversed based on the fact that the police gave the defendant a choice of action. The conviction of the defendant Heiner for obstructing governmental administration was reversed for the same reason and in addition, the court stated that:
"We have doubts of the applicability of the provision in question due to the construction placed on the section * * * by the Court of Appeals in People v. Case (42 NY2d 98, 101). Section 195.05 of the Penal Law, provides in part that:
" 'A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television, or other telecommunications systems’ ”.
In People v Case (supra, at 101), the Court, when dealing with the section in question prior to its amendment in 1984 (it ended after the phrase, "by means of any independently unlawful act” [Penal Law former § 195.05]) stated that, "A fair reading of this section can yield but one conclusion. The operative obstruction may be accomplished 'by means of intimidation, physical force or interference, or by means of any independently unlawful act’. If it be 'interference’, then it must be physical interference, as 'physical’ modifies 'interference’ in the statute.” The Practice Commentary to this section by William C. Donnino (McKinney’s Cons Laws of NY, Book 39, Penal Law § 195.05, at 440) tried to address this issue and stated that "Perhaps conscious of the determination in Case, the author of the 1984 amendment omitted any modifier for the word 'interfering,’ and specified that the conduct involved was 'interfering, whether or not physical force was involved’ ”. However, a reading of the section quoted above, even after the amendment, indicates to this court, that the phrase in question "or by means of interfering, whether or not physical force is involved” (Penal Law § 195.05) pertains to the language that comes after it about communication devices and cannot be read as being an independent factor or read as modifying the language that preceded it. Therefore, the section in question requires an interpretation as was held in People v Case (supra; see also, People v Simon, 145 Misc 2d *92 518, 521-522) that the interference must be accompanied by some inaction, or omission, and in the absence of an independent duty to cooperate and walk to the bus for the arrest, the omission to act is not an offense (see, Penal Law § 15.00 [3]).
The brief for the People alleges that the case on appeal herein presents an issue that was not required to be reached in the Heiner case (supra), to wit: whether going limp after an arrest or sitting after an arrest is sufficient to sustain a conviction for resisting arrest and for obstructing governmental administration. (Parenthetically, it should be noted that the defendants McDaniel, Shaw and Tierney were seated prior to the arrest.)
With regard to the defendants Shaw and Tierney, this court is of the opinion that the rationale quoted above from Heiner (supra), applies to them as well. The section of the former Penal Law, dealing with resisting arrest (former § 1851) contained a phrase missing from the present section. It made illegal any act which "delays or obstructs a public officer in discharging” his duty. In fact, in People v Williams (25 NY2d 86, 90) the conviction of the defendant for resisting arrest was based on the refusal of the defendant to obey the direction of the officer and that "Each of the appellants delayed his own arrest and necessarily the arrest of the others. Thus, notwithstanding the fact that the appellants’ resistance was passive, it nevertheless constituted resisting arrest under former section 1851”. The conduct of the defendants Shaw and Tierney did not prevent the officers from effecting an authorized arrest. As noted previously, there has been no citation to this court of any statute, rule or ordinance that requires a defendant to cooperate once that defendant is arrested and so long as the defendant does not affirmatively act to resist the arrest (People v Stevenson, 31 NY2d 108,112 [backing up]) then there is no independently unlawful act that the defendant is committing. As to the defendant McDaniel, notwithstanding the fact that she was chained to the door, there was a complete absence of proof as to the element of intent so as to support a conviction for resisting arrest or obstruction of governmental administration.
Defendants do not challenge the convictions for trespass or for disorderly conduct as to the finding of guilt. We find it unnecessary to consider the contention raised by defendants as to the issue of whether or not criminal trespass was a proper charge herein since the defendants were only found guilty of trespass.
*93 As for the defense attempted to be raised by the defendants with regard to justification, or necessity, we find that defendants have not sustained their burden of establishing the requisite basis for the assertion of said defense (see, People v Craig, 78 NY2d 616, 623-625).
The presentence report for each of the defendants contained a recommendation for a "Conditional Discharge and fine”. As set forth above the court ignored that recommendation and imposed jail sentences. Each of the defendants has already served three days in jail and counsel for defendants has stated that his clients, due to their religious beliefs, will not accept community service or a fine as alternative sentences. As to the defendants McDaniel, Shaw and Tierney, their sentences on the remaining two charges are modified by reducing them to time served.
DiPaola, P. J., Stark and Ingrassia, JJ., concur.