Ostrau, P. J.
(dissenting in part). We all agree that the extraordinary remedy of an interest of justice dismissal of the underlying disorderly conduct charges is inappropriate. What *775 divides the court is the issue of the facial sufficiency of the in-formations charging some but not all of the defendants with resisting arrest (Penal Law § 205.30). Each such information contained a sworn statement by the arresting police officer alleging, in nearly identical form, that defendants "passively” resisted arrest by "refusing to get up and accompany [police officers] to the police van, thus requiring * * * police officers to carry the defendants away from the intersection of 42nd [Street] and Fifth Avenue.” Since I believe that these nonhearsay factual allegations are clearly enough to satisfy the "prima facie case” requirement for facial sufficiency (CPL 100.40 [1] [c]; 100.15 [3]), I vote to reverse the order appealed from in its entirety and reinstate all charges.
In People v Williams (25 NY2d 86), a unanimous Court of Appeals, construing the predecessor misdemeanor resisting arrest provision embodied in former Penal Law § 1851,[1] held that the defendants’ passive resistance to arrest in "refus[ing] to get up from the stairs [of the Governor’s office] thereby requiring the police to physically carry them out of the building” (supra, at 88) constituted criminal conduct under the statute. In so holding, the Court of Appeals flatly rejected the same argument now advanced by defendants herein, "that their inaction cannot be viewed as willful resistance because there was no affirmative duty on their part to assist the officers in making the arrest by walking out of the building [here roadway].” (Supra, at 90.) The Court (per Scileppi, J.) closed its writing with the following statement which, regrettably, remains true today: "To hold otherwise would necessarily inhibit the [police] officer in the performance of his duty — a duty, we might add, which has become increasingly more difficult to perform with each passing day.” (Supra, at 91.)
The authoritative holding of People v Williams (supra) continues to be effective and binding under the present formulation of the resisting arrest statute, Penal Law § 205.30,[2] which went into effect in 1967 as part of the over-all redrafting of the former 1909 Penal Law. The legislative history of the amendment is traced in People v Bauer (161 Misc 2d 588, 591- *776 593) and need not be repeated in detail here. It suffices to say that the present version of the statute, a modified form of the resisting arrest provision offered in the Model Penal Code drafted by the American Law Institute, reflects a legislative intent to "broadly proscribe resistance by any means”, whether or not the resistance involves "risk of bodily injur[y]” (Model Penal Code § 242.2, comment 8, at 220-221, quoted in People v Bauer, supra, 161 Misc 2d, at 592-593). While the avowed purpose of the revision was to "modernize” the resisting arrest statute along with other penal provisions (see, Governor’s Mem approving L 1965, chs 1030, 1031, 1965 McKinney’s Session Laws of NY, at 2120), there is no indication that the revisers, against the backdrop of our increasingly violent modern society, intended the present section to be more narrow in scope than its predecessor, an intention which, if put into legislative action, would necessarily accomplish the unwanted result of "inhibit[ing] the * * * officer in the performance of his duty” (People v Williams, supra, 25 NY2d, at 91). The result reached by the trial court and endorsed by the majority today accomplishes just that and, in the process, ignores the established canon of statutory interpretation that a "change in phraseology does not import a change in construction” in the context of a general code revision (McKinney’s Cons Laws of NY, Book 1, Statutes § 193).
That the same result would have obtained in People v Williams (supra) had the Court of Appeals been asked to apply the present resisting arrest statute to the facts there presented is confirmed both by the Court’s treatment of the resisting arrest issue framed in Williams and its subsequent holding in People v Stevenson (31 NY2d 108), a case decided under current Penal Law § 205.30. To place the Williams decision in proper perspective, it must be remembered that although the operative facts in that case occurred in 1963, the Court of Appeals decided the appeal in 1969, four years after current section 205.30 was enacted and two years after the statute’s effective date. Based upon this chronology and the Court’s presumptive awareness of the then recent legislative amendment, it would have made little jurisprudential sense, had the Court intended to signal or leave open the possibility of a different outcome under the amended statute, for the Court to have issued such a strongly worded opinion in a temporal context not likely to recur.
This conclusion is buttressed by the Court of Appeals 1972 decision in People v Stevenson (31 NY2d 108, supra), where the Court recognized that a prima facie showing of resisting arrest *777 under Penal Law § 205.30 need not include proof " 'that a defendant use "force or violence” in obstructing the officer. It is enough that [defendant] engage in some conduct with the intent of preventing the officer from effecting an authorized arrest of himself or another person’ ”. (People v Stevenson, 31 NY2d, at 112, quoting Denzer & McQuillan, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 205.30, at 677.) Given the present Penal Law definition of "conduct” as "an act or omission and its accompanying mental state” (Penal Law § 15.00 [4]; emphasis added), it is clear that the Stevenson rule is broad enough to proscribe the conduct of the defendants herein in allegedly refusing to submit to police authority after being advised of their arrest. Such conduct, if shown to have been actuated by the requisite criminal intent, would be enough to establish prima facie that defendants attempted to prevent their arrests in the sense of "frustrat[ing]” or "hinder[ing]” them, surely accepted meanings of the word "prevent” (Webster’s Third New International Dictionary 1798 [1981]).
People v McDaniel (154 Misc 2d 89, lv denied 81 NY2d 889), cited by defendants and the majority, is inapposite since it involved the legal sufficiency of judgments of conviction rendered after trial, and not the facial sufficiency of the People’s pleading. To the extent the memorandum decision of the Appellate Term, Second Department in McDaniel (supra) can be read to preclude a resisting arrest conviction under Penal Law § 205.30 in any circumstance where the defendant passively goes limp or remains seated in the face of a lawful police command to submit to an authorized arrest, we are not bound by and should decline to follow its unprecedented holding. Notwithstanding McDaniel’s overly restrictive reading of section 205.30, I believe that this statutory provision, in harmony with its predecessor,
"should not be contracted to absolve the defendants of unlawful conduct merely because they engaged in what they conceived to be a form of protest * * *
"The civilities of protest, as of freedom itself, are essential if the ordered government of an open society is to survive — it may not be discredited by conduct such as these defendants indulged in here, in defiance of the governing law.” (People v Crayton, 55 Misc 2d 213, 214 [App Term, 1st Dept, Hofstadter, J.] [construing former Penal Law § 1851].)
Our system of criminal justice allows a jury to show lenity to and acquit a defendant despite legally sufficient evidence of *778 guilt (see, People v Tucker, 55 NY2d 1, 7). No analogous mercy power is, nor should be, available to a court of law, particularly an appellate court, in determining the facial sufficiency of an accusatory instrument. Whether the People ultimately can persuade a fact finder to convict these defendants of resisting arrest on the basis of the "passive” resistance attributed to them is, of course, an issue not now before us. The narrow jurisdictional question that is presented here permits only one legally sound answer: that enough is alleged in these informations to establish a prima facie showing of resisting arrest under any statutory framework.
Freedman and Davis, JJ., concur; Ostrau, P. J., dissents in part in a separate memorandum.

. Section 1851 of the former Penal Law provided: "A person who, in any case or under any circumstances not otherwise specially provided for, wilfully resists, delays or obstructs a public officer in discharging, or attempting to discharge, a duty of his office, is guilty of a misdemeanor.”

. Penal Law § 205.30 reads as follows: "A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.”