OPINION OF THE COURT
Gabriel W. Gorenstein, J.
The defendant is charged with disorderly conduct (Penal Law § 240.20 [5]) and resisting arrest (Penal Law § 205.30). It appears from the record that the defendant and others were in front of Macy’s department store engaged in a protest regarding the sale of fur apparel. The information charges that the defendant and one other person were “in front of the doorway of [Macy’s] laying down [sic] while chained to each other with steel pipes and chains * * * [T]he above-mentioned conduct did block the doorway of the * * * location, thereby obstructing pedestrian traffic and causing people to leave and avoid the area * * * Defendant Berardi * * * along with three (3) other separately charged individuals intentionally attempted to prevent [a police officer] from arresting the defendants by chaining themselves to each other and to the steel pipe.”
The defendant has moved to dismiss both counts of the information on the ground that they are facially insufficient. To be facially sufficient, the allegations of the factual part of the information, together with the supporting depositions, must provide reasonable cause to believe that the defendant committed the offense charged. (CPL 100.40 [1] [b].) In addition, the nonhearsay allegations of the information must establish, if true, every element of the crime charged and the defendant’s commission thereof. (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987].)
Disorderly Conduct
A person commits the violation of disorderly conduct when, “with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof* * * [h]e obstructs * * * pedestrian traffic”. (Penal Law § 240.20 [5].) Defendant moves to dismiss this count on the ground that the information lacks allegations suggesting that the defendant intended to *924 cause “public” inconvenience, annoyance or alarm. It is plain, however, that chaining oneself to a metal pipe while on a public sidewalk would have precisely this effect. The information’s allegations that defendant’s actions caused pedestrians to leave and avoid the area are sufficient to make out the “public” element of the charge.
Resisting Arrest
Defendant argues that the charge of resisting arrest must be dismissed because “[s]he cannot be charged with resisting arrest for actions that she completed prior to the officer’s attempts to arrest her.” In other words, defendant argues, because she is alleged “to have chained herself and laid down prior to the officer’s attempts to arrest her, she could not have formed the necessary intent to resist the arrest.”
The resisting arrest statute, however, does not speak to the issue of when a defendant must formulate the intent to commit the acts constituting the resistance to arrest. The statute simply provides that a person is guilty of resisting arrest when “he intentionally prevents or attempts to prevent a police officer * * * from effecting an authorized arrest of himself or another person.” (Penal Law § 205.30.) With respect to whether the defendant had the requisite intent to resist the arrest, there are sufficient allegations to infer that the defendant chained herself to the steel pipe precisely for the purpose of intentionally preventing an arrest that she expected to occur.
Concededly, the allegations in the accusatory instrument are also consistent with the inference that the defendant had no such intent. For example, the defendant may have been intending to unlock herself from the metal pipe before any police officers arrested her. The requirement that the People prove defendant’s intent with respect to the arrest beyond a reasonable doubt, however, arises only at trial (at which time the People may rely on either direct or circumstantial evidence to show the defendant’s intent). On a motion to dismiss, by contrast, the People are not required to assert facts in the accusatory instrument that would “rule out all innocent possibilities”. (People v Moncayo, NYLJ, Apr. 10, 1997, at 29, col 4 [App Term, 2d Dept].) It is sufficient that there be reasonable cause to believe the defendant committed the crime charged. (CPL 100.40.) Individuals do not normally chain themselves to a metal pipe in a public place except when they are seeking to prevent others from moving them. Because it is reasonable to infer that the purpose of the chaining was to *925 prevent or attempt to prevent the effectuation of the defendant’s arrest, the accusatory instrument is sufficient with respect to the statute’s intent requirement.
Notably, the resisting arrest statute does not require the People to show “ ‘that a defendant use[d] “force or violence” in obstructing the officer. It is enough that [the defendant] engage in some conduct with the intent of preventing the officer from effecting an authorized arrest of himself or another person’ ”. (People v Stevenson, 31 NY2d 108, 112 [1972], quoting Denzer and McQuillan, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 205.30, at 677.) As a matter of common sense, chaining oneself to a steel pipe will prevent an officer from effectuating an arrest until one can be unchained.
The decisions in People v Arbeiter (169 Misc 2d 771 [App Term, 1st Dept 1996], lv denied 89 NY2d 918 [1996], cert denied 520 US 1213 [1997]) and People v McDaniel (154 Misc 2d 89 [App Term, 2d Dept 1992], lv denied 81 NY2d 889 [1993]) do not mandate a contrary result. In Arbeiter (supra, at 774), the defendants merely “remain[ed] seated during the arrest process.” The court’s dismissal of the accusatory instrument in that case rested on the Court’s view that “the provisions of the Penal Law § 205.30 simply do not cover the type of inaction attributed to these defendants.” (169 Misc 2d, supra, at 774 [emphasis added]; but see, People v Bauer, 161 Misc 2d 588 [Watertown City Ct 1994] [intentional act of remaining seated and refusing to walk during an arrest constitutes resisting arrest].) Arbeiter is inapposite because the allegations here do not involve “inaction” but instead the defendant’s affirmative act of chaining herself to a steel pipe.
McDaniel (supra) involved two individuals who went into a fetal position and refused to cooperate with an arrest and a third individual who chained herself to a door. The court held that the judgment of conviction could not stand against the two defendants who went into a fetal position on the ground that they had no duty to cooperate in their arrest. Significantly, however, the court did not assert that the individual who was chained to a door could not have been charged with resisting arrest based on this conduct. Instead, the court held that “there was a complete absence of proof’ with respect to this individual “as to the element of intent so as to support a conviction for resisting arrest” (154 Misc 2d, supra, at 92 [emphasis added]). In the present case, of course, the People have not yet been put *926 to their proof at trial. Because the accusatory instrument would support the inference that the defendant had the requisite intent to resist arrest, the motion to dismiss is denied.*

 As was noted previously, there was probable cause to believe that the defendant was engaged in a violation of Penal Law § 240.20. Accordingly, the accusatory instrument alleges sufficient facts showing that the defendant’s arrest was “authorized” as required by Penal Law § 205.30.