OPINION OF THE COURT
Barbara A. Leak, J.
Defendant was arrested on January 9, 2002 and charged with four counts of petit larceny. On said date, defendant was arraigned and pleaded not guilty. After a discussion with counsel, the court granted defendant leave to serve an omnibus motion on or before April 11, 2002.
*506 In his omnibus motion, defendant moves for, among other things, an order pursuant to CPL 170.30 and 170.35 dismissing the information. Specifically, the defendant contends that the information does not meet the requirements of CPL 100.40 and is thus facially insufficient. The instant motion was not served and filed until April 22, 2002.
The Information
The factual part of the information alleges in substance that defendant made application for and attended the Westchester County Master/Special Electrician’s Licensing Examination on November 18, 2000, January 6, 2001, April 7, 2001 and June 9, 2001.[1] Further, that following his arrival and while present to purportedly take the examination on said dates, defendant removed several pages from the test booklet, secreted them on his person, and then departed from the examination location.[2] Lastly, that defendant’s conduct was all without the permission or consent of the owner.
The 45-Day Rule
Criminal Procedure Law § 255.20 (1) requires that all pretrial motions be served and filed within 45 days after arraignment and before commencement of trial. In order to ensure its continued viability, CPL 255.20 (1) must be strictly construed and enforced (see, People v Selby, 53 AD2d 878 [2d Dept 1976]; People v Coleman, 114 Misc 2d 685 [Sup Ct, Kings County 1982]).
The People argue that defendant’s motion is untimely and should therefore be summarily denied. It is evident that the instant omnibus motion is made beyond the 45-day period prescribed by law (see, CPL 255.20 [1]). Moreover, the motion was served and filed 11 days beyond the April 11, 2002 deadline set by the court. However, since facial insufficiency is a non-waivable jurisdictional defect which can be challenged for the first time on appeal (see e.g., People v Alejandro, 70 NY2d 133 [1987]), the court, in its discretion and on the particular facts of this case, will address the issue on the merits (see, People v *507 Parris, 113 Misc 2d 1066 [Crim Ct, NY County 1982] [where the defect is jurisdictional and nonwaivable, the failure to address it in an omnibus motion, notwithstanding the requirements of CPL 255.20, cannot prevent the defendant from raising the objection at anytime thereafter]; People v Martinez, NYLJ, July 24, 1992, at 25, col 1 [Crim Ct, Kings County] [the facial sufficiency of an accusatory instrument is jurisdictional and therefore a motion to dismiss can be made at any time]; but cf., People v Fattizzi, 98 Misc 2d 288 [App Term, 2d Dept 1978]).
Facial Sufficiency
CPL 100.40 (1) provides that an information is sufficient on its face when:
“(a) It substantially conforms to the requirements prescribed in section 100.15; and
“(b) The allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and
“(c) Non-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.”
Allegations provide reasonable cause to believe that a defendant committed an offense “when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight or persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” (CPL 70.10 [2].) Therefore, the facts may establish a prima facie case for purposes of pleading an offense, even if those facts would not be legally sufficient to prove guilt beyond a reasonable doubt (People v Jennings, 69 NY2d 103, 115 [1986]). In addition, specific facts are required in order to establish facial sufficiency and conclusory statements will not suffice (People v Dumas, 68 NY2d 729 [1986]).
Petit Larceny
A person is guilty of petit larceny when he steals property (Penal Law § 155.25). A person steals property when, with intent to deprive another of property or to appropriate the *508 same to himself or to a third person, he wrongfully takes, obtains, or withholds such property from an owner thereof (Penal Law § 155.05 [1]). The Penal Law defines ownership broadly, to include “any person who has a right to possession thereof superior to that of the taker, obtainer or withholder.” (Penal Law § 155.00 [5].) The definition of ownership does not require that the owner have “an independent right of possession but only that he [has] a possessory right which * * * is superior to that of the defendant.” (See, People v Wilson, 93 NY2d 222, 225-226.)
Discussion
Defendant contends that the information fails to adequately allege either the requisite intent to steal or a wrongful taking of property. The People argue that the information is legally sufficient.
The requisite element of intent need only be charged in the accusatory part of the accusatory instrument since intent is an “operation of the mind.” (People v Sassower, NYLJ, Nov. 6, 1998, at 23, col 3 [App Term, 9th & 10th Jud Dists].) Because intent cannot be the subject of a nonhearsay allegation, it is necessary only that there be alleged evidentiary facts from which intent may be inferred (People v Leiner, NYLJ, Oct. 15, 1997, at 34, col 5 [App Term, 2d & 11th Jud Dists]).
It can reasonably be inferred that defendant’s conduct in attending the examination on four occasions, coupled with both, the unauthorized removal of pages from the test booklet and the concealment of same before exiting the examination location, evinced an intent to steal property from the owner.[3] Based upon a reading of the factual portion of the information, the court finds that the requisite intent for the charged crimes can be inferred (see e.g., People v Tiffany, 186 Misc 2d 917 [Crim Ct, NY County 2001]; People v Berardi, 180 Misc 2d 922 [Crim Ct, NY County 1999]; People v Niang, 160 Misc. 2d 500 [Crim Ct, NY County 1994]; cf., People v Francia, 154 Misc 2d 211 [Crim Ct, NY County 1992]).
Next, defendant posits that the alleged removal of examination pages for purposes of compiling practice tests does not constitute a wrongful taking. In support of this conclusion, defendant analogizes his conduct to a situation where one simply memorizes test questions and reproduces same for purposes of *509 instruction. Defendant further contends that while perhaps his conduct may constitute copyright infringement, it does not amount to petit larceny.[4]
In People v Bugge (NYLJ, Aug. 14, 1998, at 27, col 4 [Suffolk County Ct]) the defendant, a police sergeant, was charged with grand larceny in the fourth degree based upon allegations that he stole test questions included on the Suffolk County Civil Service Police Examination. In a challenge to the indictment, the County Court held that the evidence before the grand jury was legally sufficient to support the charge.
Turning to this case, it is clear that defendant, without the permission or consent of the owner, wrongfully removed tangible personal property (i.e., pages contained in an examination booklet) from the test center on four separate occasions. Therefore, defendant’s analogy to memorized questions and the reproduction of same is inapposite.
The court finds that the alleged conduct is sufficient to substantiate the charges of petit larceny. Accordingly, defendant’s motion to dismiss for facial insufficiency is denied.
The balance of the omnibus motion for an order suppressing certain physical evidence and statements is denied. As indicated above, defendant was granted leave to serve his motion beyond the time period prescribed by law. Notwithstanding a deadline of April 11, 2002 for the service of said motion, the instant motion was not served until April 22, 2002. Defendant offers no explanation for his noncompliance with the court’s directive (CPL 255.20).
Pursuant to CPL 240.43, a Sandoval hearing will be conducted prior to trial. Lastly, defendant’s request to make additional motions is granted to the extent indicated in CPL 255.20.

. An affidavit annexed to the opposition papers indicates that defendant received the following scores on the electrician’s examination: 0% 31% 27% and 31% respectively.

. In his sworn statement, defendant states that he is the president of Solar Electric, a business that provides tutoring and preparatory courses for the electrician’s examination, and that he participated in the subject exams to promote his business. The defendant further states that the stolen pages were photocopied and sold to prospective examination candidates for $125.

. The owner of the examination booklets is Experior Assessments, LLC. The test was administered at the Westchester County Center.

. It would appear that defendant’s use of the examination materials does in fact constitute a copyright infringement (see e.g., Educational Testing Serv. v Simon, 95 F Supp 2d 1081 [CD Cal 1999]).