OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered January 29, 2009, modified, on the law and the facts, to vacate defendant’s conviction of obstructing governmental administration in the second degree and to dismiss the count of the accusatory instrument relating thereto and, as modified, affirmed.
The verdict convicting defendant of unlawful eviction (see Administrative Code of City of NY § 26-521 [a] [3]) was supported by legally sufficient evidence and was not against the weight of the evidence, which established that defendant ousted her roommate from possession of the apartment that they had shared for several months by unilaterally changing the entrance lock and removing the complainant’s possessions. While it may be that defendant and the complainant tentatively discussed terminating their written roommate agreement, the court, as factfinder, was warranted in determining that the complainant had not surrendered possession and remained in “lawful occupancy” of the apartment (Administrative Code § 26-521 [a] [3]) at the time the incident occurred. Defendant’s contention that the antieviction ordinance is properly invoked only against a finite class of landlords — those, it is urged, who “engage in bad faith conduct” aimed at reaping unfair profits — is belied by the text of the ordinance, whose terms, with a single, limited exception not here relevant (see Administrative Code § 26-522 [b]), are expressly made applicable to “any person” who engages in the conduct proscribed therein.
Far less persuasive was the evidence presented in connection with the governmental obstruction charge. In this regard, *63 the trial proof showed only that defendant, during a hiatus in police questioning inside the apartment, peaceably entered her bedroom, locked the door and, in what was described without refutation in the trial testimony as a “fear[ful] and apprehensive]” state, telephoned an attorney acquaintance seeking counsel. On this record, and without more, defendant’s failure to comply with the police directive to open the door did not evince the requisite intent to obstruct the police investigation through “physical force or interference” (see Penal Law § 195.05; Matter of Kendell R., 71 AD3d 553 [2010]; People v McDaniel, 154 Misc 2d 89 [1992], Iv denied 81 NY2d 889 [1993]).
Defendant’s evidentiary arguments, to the extent preserved, are either academic or without merit.
Schoenfeld, J.R, and Hunter, Jr., J., concur.