Cooke, J.
A CB radio message from one motor vehicle operator to another as to the highway location of a radar speed checkpoint does not constitute the crime of obstructing governmental administration. To say that there is a Smokey takin’ pictures up the road does not subject the speaker to a year’s imprisonment.
This is an appeal from an order of the County Court of St. Lawrence County which affirmed a judgment of the Town Justice Court of the Town of Oswegatchie convicting defendant upon his plea of guilty of the lesser offense of disorderly conduct (Penal Law, § 240.20) to satisfy the misdemeanor accusation of obstructing governmental administration (Penal Law, § 195.05) as charged in an information.
A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution (People v Harper, 37 NY2d 96, 99). Every information must *100 contain an accusatory part and a factual part (CPL 100.15, subd 1) and the factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges (CPL 100.15, subd 3). In order for an information to be sufficient on its face, every element of the offense charged and. the defendant’s commission thereof must be supported by nonhearsay allegations of such information and/or any supporting depositions (CPL 100.40, subd 1, par [c]; 100.15, subd 3). An objection to the substantive sufficiency of the information, such as one that it does not state a crime, as distinguished from an objection to the form of the instrument, is not waived by a plea of guilty (People v Scott, 3 NY2d 148, 152; People v Koffroth, 2 NY2d 807, 808). Thus, if every element of the crime of obstructing governmental administration is not properly recited in the factual part of the information and the accompanying deposition, review "of that issue is not barred by the plea.
The information here was insufficient as a matter of law (see People v Koffroth, 2 NY2d 807, 808, supra). The facts recited therein and in the supporting deposition did not state a crime (see People v Scott, 3 NY2d 148,152, supra).
In an information sworn to by a State Police officer, defendant was charged with the commission of the crime of obstructing governmental administration, contrary to section 195.05 of the Penal Law, on December 19, 1975 in the Town of Oswegatchie, St. Lawrence County. The accusation was grounded on the following recited facts (intermixed with conclusions): "Defendant did, while operating a motor vehicle eastbound on State Route 37, in the vicinity of the Drive-In theatre, did converse with another vehicle by means of a Citizen Band radio, and did forewarn said other vehicle of the location of a radar speed checkpoint, which was located at said Drive-In Theatre, and then did contact a tractor trailer unit, which was westbound on same highway, near the Acco Plant of the same information, by the same means. This action by defendant did substantially give ample warning to these two particular vehicles, and to any other vehicles equipped with CB radios, of the use of radar its location, so that they would reduce speed, and avoid arrest.” The deposition by a second State trooper adds nothing factually of legal significance.
A person is guilty of obstructing governmental administration, under section 195.05 of the Penal Law "when he inten *101 tionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act”. (Emphasis added.) A fair reading of this section can yield but one conclusion. The operative obstruction may be accomplished "by means of intimidation, physical force or interference, or by means of any independently unlawful act.” If it be "interference”, then it must be physical interference, as "physical” modifies "interference” in the statute. The word "interference” is not cast in isolation, it is part of the phrase "physical force or interference”, a phrase separated from the rest of the sentence by comma punctuation. The disjunctive "or” in said phrase joins "force” and "interference” and is distinct from the "or” following the word "interference”, which latter disjunctive is placed before the last in the series of the obstructive means. It simply makes no sense to read "interference” in solitary, apart from its modifier "physical”, for by so doing the reader must of necessity disregard the punctuated structure of the statute. Although a court must not be overly technical in interpreting penal provisions, penal responsibility cannot be extended beyond the fair scope of the statutory mandate (People v Gottlieb, 36 NY2d 629, 632). If there is to be a diametric change in the statute, it should come from the Legislature.
Lest there be any doubt about it, the Practice Commentaries by Arnold D. Hechtman* (McKinney’s Cons Laws of NY, Book 39, Penal Law, § 195.05, pp 395-396), furnish the answer:
"The former Penal Law contained a number of provisions which punished specific conduct, the effect of which was to obstruct or hamper governmental functions (§§ 196, 490, 1320, 1322, 1824, 1825, 1851). There was, however, no comprehensive provision directed at such conduct generally. Section 195.05, designed to fill this gap, is applicable to a person who intentionally impedes or defeats a governmental function by means of physical force or interference or by means of some independently unlawful act. The requirement that the conduct which constitutes an obstruction of governmental function be one of violence or physical interference or be independently *102 unlawful is necessary in order to prevent the section from being an overly broad catchall. (See, e.g., District of Columbia v. Little, App. D. C. 1950, 70 S. Ct. 468, 339 U.S. 1, 94 L. Ed. 599; People v. Maddaus, 1958, 4 N.Y. 2d 1003, 177 N.Y.S. 2d 517.) The offense is designated a class A misdemeanor.
"Within the scope of § 195.05 are such cases as: (1) an assault on a public servant who is engaged in the performance of his official duties, provided that the defendant’s intent is to prevent such public servant from performing an official function; (2) tampering with a motor vehicle of a housing inspector, provided that the defendant’s intent is to prevent such inspector from carrying out his official duties; and (3) engaging in disorderly conduct in the chamber of a legislative body with intent to obstruct the legislative session”. (Emphasis added.)
Significantly, the statute has been uniformly interpreted to the effect that mere words alone do not constitute "physical force or interference” such as to support the charge of obstructing governmental administration (see, e.g., People v Clough, 43 AD2d 451, 454; People v Ketter, 76 Misc 2d 698, 700-701; People v Longo, 71 Misc 2d 385, 390; People v Arvio, 66 Misc 2d 474, 478; Bishop v Golden, 302 F Supp 502, 506; cf. People v Fife, 39 AD2d 780, 781; People v Shea, 68 Misc 2d 271, 272; People v Losinger, 63 Misc 2d 577, 577-578). In Bishop v Golden (supra, p 506), the United States District Court (Judd, J.), in considering section 195.05 of the Penal Law, held: "The statute against obstructing governmental administration requires as an element of the crime that the accused act by one of three methods: (1) 'intimidation,’ (2) 'physical force or interference,’ or (3) 'any independently unlawful act.’ Plaintiffs claim to find vagueness in the word 'intimidation,’ citing a turn-of-the century case, and omitting the court’s statement there that 'every person knows * * * whether his acts are intimidating.’ Union Pacific R. Co. v. Ruef, 120 F. 102 at 121 (D. Neb. 1902). All of those words and phrases are reasonably clear. Plaintiffs also attack the word 'interference’ as vague—but only by separating it from the word 'physical.’ It is only physical interference which is encompassed in the second method of obstruction. Attacks on 'impairs’ or 'perverts’ as overbroad are irrelevant, so long as the proscribed methods of obstruction are clear” (emphasis added).
Under the express provisions of the statute, the interference would have to be, in part at least, physical in nature. The line *103 is so drawn. To interpret and apply section 195.05, as suggested by the prosecution, would mean that there would be no outer limits to the statute. Under such a notion, the imparting of information as to location of the radar speed checkpoint would be penally condemned without physical interference and irrespective of whether the recipients of the messages were violating or were about to violate the law. A casual meeting of two travelers at a rest stop along a thoroughfare followed by a casual remark by one that a radar setup had been seen, with nothing more, would be enough to mark the author of the remark as a criminal.
The order of the County Court of St. Lawrence County should be reversed, the judgment of conviction of the Town Justice Court of the Town of Oswegatchie should be vacated and set aside and the information against defendant should be dismissed.

 Arnold D. Hechtman was an assistant counsel to the Temporary State Commission on Revision of the Penal Law and Criminal Code (1964 McKinney’s Session Laws of NY, pp 2010-2011).