OPINION OF THE COURT
 

 Bellacosa, J.
 

 The issue is whether the evidence in this juvenile delinquency proceeding establishes an act which, if committed by an adult, would constitute the crime of obstructing governmental administration in violation of section 195.05 of the Penal Law. As applied and under usual appellate court review standards, we conclude that the evidence is sufficient to sustain an adjudication of delinquency.
 

 In the late afternoon of January 30, 1995, the police were conducting an undercover narcotics "buy operation” at a storefront in Jamaica, Queens. An officer observed the respondent juvenile at a nearby corner slowly and repeatedly circling the block on his bicycle within a half-hour period. Another officer of the undercover team, wearing plain clothes, displayed his badge, approached and identified himself to the juvenile. The officer urged the youngster not to get involved, not to return near the store, and to depart in the opposite direction. The 15 year old, nonetheless, turned his bicycle around and entered the identified zone. Pedaling past the front of the store, he yelled "cops, cops * * * watch out, Five-0, police are coming.” The youth was arrested nearby shortly thereafter and a juvenile delinquency petition based on obstructing governmental administration in violation of Penal Law § 195.05 was presented.
 

 Family Court adjudicated respondent a juvenile delinquent and he was placed in the custody of the New York State Division for Youth for up to 12 months. Family Court made specific factual findings of a direct and inferential nature.
 

 The Appellate Division reversed on the law and dismissed the proceeding (233 AD2d 510). This Court granted leave to appeal to the presentment agency and we now reverse.
 

 Under Penal Law § 195.05, an individual obstructs governmental administration when he or she:
 

 "[Ijntentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public
 
 *91
 
 servant from performing an official function, by-means of intimidation,
 
 physical force or interference,
 
 or by means of any independently unlawful act” (emphasis added).
 

 This Court has held, and it is undisputed on this appeal by the presentment agency, that purely verbal interference may not satisfy the "physical” component under Penal Law § 195.05
 
 (People v Case,
 
 42 NY2d 98, 102;
 
 see also, People v Lopez,
 
 97 Misc 2d 124;
 
 People v Offen,
 
 96 Misc 2d 147).
 

 In
 
 Case,
 
 we held that CB (Citizens Band) radio transmissions warning motorists "as to the highway location of a radar speed checkpoint [do] not constitute the crime of obstructing governmental administration”
 
 (People v Case, supra,
 
 42 NY2d, at 99). We explained that "mere words alone do not constitute 'physical force or interference,’ ” but that in order to trigger criminal liability under section 195.05, "the interference would have to be, in part at least, physical in nature”
 
 (id.,
 
 at 102). The only activity at issue in
 
 Case
 
 was the "imparting of information as to location of the radar speed checkpoint * * * without physical interference and irrespective of whether the recipients of the messages were violating or were about to violate the law”
 
 (id.,
 
 at 103). The alleged interference with the police activity was attenuated by distance, time and technology.
 

 The evidence in this case is readily distinguishable from
 
 Case
 
 and its holding. The police activity area was confined and defined, and the juvenile was put on specific, direct notice. There was evidence that he intentionally intruded himself into the specific area of police activity and directed his warnings toward a known criminal activity and assembly at the location identified to the juvenile by the police officer.
 

 There was also evidence that the juvenile caused a physical reaction and dispersal, escalating his conduct into an even more serious physical obstruction of governmental administration, under a plain reading and application of Penal Law § 195.05. A rational fact finder could conclude that he placed his own safety, as well as the safety of the officers and others in the public, at risk, and consequently interfered with and obstructed law enforcement administration.
 

 The Legislature intended and enacted that criminal responsibility should attach to minimal interference set in motion to frustrate police activity. Thus, this Court emphasized that:
 

 " 'The former Penal Law contained a number of
 
 *92
 
 provisions which punished specific conduct,
 
 the effect of which was to obstruct or hamper governmental
 
 functions. * * * Section 195.05 * * * is applicable to a person who
 
 intentionally impedes or defeats a governmental function
 
 by means of physical force or interference or by means of some independently unlawful act’ ”
 
 (People v Case, supra,
 
 42 NY2d, at 101 [emphasis added] [citations omitted]).
 

 We agree, therefore, with the Family Court that the juvenile’s interrelated conduct — actions coupled with words— fits within the originally promulgated and contemplated specifications of Penal Law § 195.05. This is a relatively standard application of evidence under the statute that breaks no new interpretive ground.
 

 Accordingly, the order of the Appellate Division should be reversed, without costs, and the case remitted to that Court for a review of the facts.
 

 Chief Judge Kaye and Judges Titone, Smith, Levine, Ciparick and Wesley concur.
 

 Order reversed, without costs, and matter remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.