OPINION OF THE COURT
Thomas Farber, J.
Defendant Mark Hinkson, charged with obstructing governmental administration in the second degree, moves to dismiss *497 the superseding information pursuant to CPL 170.30 and 30.30.
Defendant is charged, in substance, with “identifying] an undercover officer, while the officer was on duty, as being a police officer” by “stating] loudly that said undercover officer was a police officer.” The underlying legal issue is whether this language, without more, can constitute obstructing governmental administration in the second degree (Penal Law § 195.05; see, Matter of Davan L., 91 NY2d 88 [1997]).
Defendant was arraigned on July 26, 1999 and charged with a single count of obstructing governmental administration in the second degree (Penal Law § 195.05). The complaint read, in its entirety: “The deponent is informed by Police Officer Mark Frunzi, Shield No. 6885, of BSND, that, at the above time and place, the defendant did identify an undercover police officer as being a police officer and did state loudly that said undercover police officer was a police officer thereby preventing the undercover police officer from engaging in his official duties.”
At arraignment, the People were ordered to file a superseding information, and the case was adjourned to AP-2B for August 16, 1999.* The People did not have a superseding information on August 16, nor on the subsequent adjourned date of September 29, 1999. Indeed, the People had no file in court on that date. The court adjourned the case to November 10, 1999, a date that was well past the 90-day time by which the People were required to answer ready pursuant to CPL 30.30 (1) (b).
On October 13, 1999, the People filed, off calendar, a superseding information along with a statement of readiness for trial. The superseding information was identical to the original information, except that it added the phrase “while the officer was on duty.” This information, which was sworn to by Officer Frunzi, the informant in the original charging instrument, reads: “The deponent states that, at the above time and place, the defendant did identify an undercover officer, while the officer was on duty, as being a police officer and did state loudly that said undercover police officer was a police officer thereby preventing the undercover police officer from engaging in his official duties.” (Emphasis supplied.)
*498 The relevant issue is whether the superseding information sets forth sufficient nonhearsay facts from which I could conclude that any “interrelated conduct — actions coupled with words — fits within the * * * specifications of Penal Law § 195.05.” (Matter of Davan L., 91 NY2d, supra, at 92; see, People v Alejandro, 70 NY2d 133 [1987].) The resolution of this issue turns on an analysis of two Court of Appeals decisions: People v Case (42 NY2d 98 [1977]) and Matter of Davan L. (91 NY2d 88).
In People v Case (42 NY2d 98, supra), the defendant was charged with obstructing governmental administration for alerting another motorist via a CB radio that there was a radar speed checkpoint up ahead. The Court of Appeals, focusing on the language of the statute that proscribes only obstruction “ ‘by means of physical force or interference or by means of some independently unlawful act,’ ” held that “physical” modifies both “force” and “interference,” and that “mere words alone do not constitute ‘physical force or interference’ such as to support the charge of obstructing governmental administration.” (Supra, at 101-102.)
In Matter of Davan L. (91 NY2d 88 [1997], supra), however, a juvenile was charged with obstructing governmental administration for interfering in a narcotics buy operation. In that case, the respondent was circling the block on a bicycle near the location of the operation. A plainclothes officer displayed a badge to the respondent and told him not to get involved and to leave the location. Instead, the respondent turned around, entered the “identified zone” and yelled, “[C]ops, cops * * * watch out, Five-0, police are coming.” (Supra, at 90.) Distinguishing these facts from Case, (supra),.the Court of Appeals found that the actions of the juvenile were more than “mere words” and would constitute the crime of obstructing governmental administration:
“The police activity area was confined and defined, and the juvenile was put on specific, direct notice. There was evidence that he intentionally intruded himself into the specific area of police activity and directed his warnings toward a known criminal activity and assembly at the location identified to the juvenile by the police officer.
“There was also evidence that the juvenile caused a physical reaction and dispersal, escalating his conduct into an even more serious physical obstruction of governmental administration, under a plain reading and application of Penal Law § 195.05. A rational fact finder could conclude that he placed *499 his own safety, as well as the safety of the officers and others in the public, at risk, and consequently interfered with and obstructed law enforcement administration.” (Supra, at 91.)
Although the Court of Appeals noted that the Legislature intended that criminal responsibility should attach to “minimal interference set in motion to frustrate police activity” (supra, at 91), it also took pains to emphasize that its holding was not a departure from Case (supra), but, rather, “a relatively standard application of evidence under the statute that breaks no new interpretive ground.” (Supra, at 92.) But whether viewed as a relaxation of the holding in Case or as a “standard application” of the Case rule, implicit in the holding of Davan L. (supra) is a recognition that where the police are involved in activities as potentially dangerous as an undercover buy-and-bust operation, even the utterance of “mere words” can jeopardize the safety of undercover officers and other persons in the vicinity. Where a defendant by his words and actions jeopardizes police operations and places lives in danger, it is appropriate that criminal sanctions be applied.
While the facts of the instant case might at first blush seem similar to Davan L. (supra), the information is woefully insufficient. It fails to allege even the most minimal facts which would allow me to conclude that there was any interference with an official governmental act, much less one that was “in part at least” physical. (People v Case, 42 NY2d, supra, at 102.) The information is devoid of any fact that would suggest that there was a specific operation that was “confined and defined,” that the defendant was put on notice of any specific operation; or that the defendant “directed his warnings toward a known criminal activity and assembly.” (Matter of Davan L., 91 NY2d, at 91.) Nor is there any indication, as in Davan L., that the defendant’s actions caused a “physical action or dispersal.” Indeed, other than the bare, conclusory assertion that the officer was “on duty,” there is no information that there was even an undercover operation in progress. In sum, the People have not alleged even the minimal activity which would be necessary for me to find that defendant’s actions constituted “physical interference” within the meaning of Penal Law § 195.05.
Since the People have had several opportunities to file a superseding information and have failed to do so, and the speedy trial time having elapsed, the motion to dismiss is granted.

 The People aver that the defense challenged the information on the ground that it failed to allege that the undercover was engaged in official duties. The arraignment minutes were not attached to the moving papers or response and the court file does not indicate the reason the court found the instrument insufficient.