OPINION OF THE COURT
Nicholas Iacovetta, J.
The defendant is charged with the crimes of obstructing governmental administration in the second degree (Penal Law § 195.05) and resisting arrest (Penal Law § 205.30), and the offense of disorderly conduct (Penal Law § 240.20 [6]). He moves to dismiss the information pursuant to CPL 170.30 (1) (a); 170.35 (1) (a); 100.15 and 100.40 on the ground that it is facially insufficient.
The defendant contends that the charge under Penal Law § 195.05 is fatally defective because the element of interference requires and the information lacks an allegation that it was “physical” interference, and that the information fails to allege what official function was obstructed by defendant’s interference.
The factual portion of the accusatory instrument reads as follows:
“Deponent states that, at the above time and place, he was conducting a police investigation after responding to a radio run of an assault in progress when defendant came between deponent and several unapprehended individuals and began screaming at the unapprehended individuals. Deponent further states that he asked defendant on numerous *522 occasions to move from the street at which time defendant stated in sum and substance NO. Deponent further states that defendant’s above-described actions prevented him from performing an official function to protect the public and preserve the peace, in that he could not respond to the scene of a public disturbance. Deponent further states that when he attempted to arrest defendant for the aforementioned conduct, the defendant grabbed a metal fence, refused to remove his hands, then removed his hands and flailed his hands, and twisted his body to prevent from being handcuffed.”
In order to be facially sufficient, the factual portion of a misdemeanor information must allege facts of an evidentiary character supporting or tending to support the charges (see CPL 100.15 [3]; 100.40 [1] [b], [c]; People v Casey, 95 NY2d 354, 360 [2000]; People v Dumas, 68 NY2d 729, 731 [1986]). In addition, the allegations of the factual part, together with any supporting depositions, must provide reasonable cause to believe that the defendant committed the offense charged (see CPL 100.40 [1] [b]). Finally, nonhearsay allegations must establish, if true, a prima facie case, that is, they must show every element of the offense charged and the defendant’s commission of it (see CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133, 139 [1987]; People v Hall, 48 NY2d 927 [1979]; People v Case, 42 NY2d 98 [1977]).
Where the factual allegations contained in an information “give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (see People v Casey, 95 NY2d 354, 360 [2000]). “The law does not require that [an] information contain the most precise words or phrases most clearly expressing the charge, only that the crime and the factual basis [for it] be sufficiently alleged” (see People v Sylla, 7 Misc 3d 8, 10 [2005]). In assessing the facial sufficiency of an accusatory instrument, the court must view the facts in the light most favorable to the People (see People v Mellish, 4 Misc 3d 1013[A], 2004 NY Slip Op 50869[U] [2004]; People v Gibble, 2 Misc 3d 510 [2003]). The allegations need only make out a prima facie case and need not establish defendant’s guilt beyond a reasonable doubt (see People v Henderson, 92 NY2d 677, 680 [1999]).
Penal Law § 195.05 states that a person is guilty of obstructing governmental administration when he intentionally *523 obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act.
Defendant pins his argument that the interference must be physical upon the ruling in People v Case (42 NY2d 98 [1977]), where an allegation that a defendant was broadcasting CB radio messages from his moving vehicle warning other motorists of a police radar checkpoint was held not to constitute interference under Penal Law § 195.05 resulting in the dismissal of the information. “[M]ere words alone do not constitute ‘physical force or interference’ ” (42 NY2d at 102). “Under the express provisions of the statute, the interference would have to be, in part at least, physical in nature” (id.). Other courts, however, have subsequently distinguished Case by recognizing that interference can be established by words coupled with actions which do not involve the use of actual physical force.
In Matter of Davan L. (91 NY2d 88 [1997]), the Court of Appeals held that the appellant was properly adjudicated a juvenile delinquent because the acts attributed to him at a fact-finding determination fell within the scope of Penal Law § 195.05. There the police were conducting an undercover narcotics buy operation at a storefront. The juvenile defendant reportedly circled the block on his bicycle. A police officer identified himself and directed the juvenile to depart in the opposite direction. The juvenile instead pedaled into the area of the buy operation yelling “cops, cops . . . watch out . . . Five-O; police are coming.” In People v Covington (18 AD3d 65, 66 [2005]), defendant’s conviction under Penal Law § 195.05 was affirmed based upon his interference with police activity at the scene of a narcotics raid by yelling “the police are coming.” In People v Romeo (9 AD3d 744 [2004]), defendant was belligerent, uncooperative and refused several direct requests that he stop approaching the officers and stay away as they attempted to subdue and arrest his girlfriend. The latter evidence was held sufficient to establish the crime of obstructing governmental administration in the second degree. The court noted that the interference required to establish the latter crime “includes inappropriate and disruptive conduct at the scene of the performance of an official function even if there is no physical force involved” (9 AD3d at 745 [citations and internal quotation marks omitted]).
*524 The present facts are distinguishable from Case and closer to those in Davan L., Covington, and Romeo.
The allegation that the defendant physically “came between” the officer and the unapprehended individuals can be viewed as satisfying the requirement in Case that the interference must “be, in part at least, physical in nature” (Case, 42 NY2d at 102). Even if not considered as such, the defendant’s “interrelated conduct — actions coupled with words” i.e., intentionally and physically placing himself between the uniformed officer and other unapprehended individuals, screaming at them, and refusing repeated requests to move from the street at 2:04 a.m. as the officer attempted to investigate an assault in progress, satisfies the element of interference and meets the specifications of Penal Law § 195.05 (Davan L., 91 NY2d at 92).
In the present matter the defendant’s alleged interference with police activity, unlike in Case, was not attenuated by distance, time and technology but instead, as in Davan L. and Covington, confined and direct. Despite being placed on notice to move, the defendant intentionally intruded himself into the specific area of police activity and directed his warnings to the same unapprehended individuals the officer was attempting to approach to investigate the alleged assault in progress. The Legislature, as noted in Davan L., intended and enacted that criminal responsibility should attach to minimal interference set in motion to frustrate police activity (Davan L., 91 NY2d at 91). The defendant’s verbal outbursts contained in the information caused, as in Davan L., “a physical reaction and dispersal” of the other individuals the officer was attempting to approach as he attempted to investigate the alleged assault in progress (Davan L., 91 NY2d at 91).
Defendant’s remaining argument that the information fails to adequately allege what official function was obstructed by defendant’s interference is refuted by the plain text of the information.
A police officer is entitled, and in fact is duty-bound, to take action on a radio call (see People v Benjamin, 51 NY2d 267, 270 [1980]). Here the officer at least had the common-law right to approach the unapprehended individuals to request information after arriving at the scene of the radio call alleging an assault in progress (see People v De Bour, 40 NY2d 210, 223 [1976]).
The allegations in the information concerning defendant’s conduct of screaming at the unapprehended individuals, placing himself between the officer and those individuals, and refusing *525 repeated requests by the officer to move from the street, clearly established defendant’s intent to frustrate and obstruct an official function (see Matter of Garrick B., 30 AD3d 217 [2006] [finding that juvenile defendant’s actions which included the interruption of a police interview of a complainant by screaming obscenities at the police, and then refusing the officer’s directives to leave, established the essential element under Penal Law § 195.05 of preventing a public official from performing an official function]). The official function of the police that the defendant obstructed by his inappropriate and disruptive conduct at the scene as alleged in the information was the officer’s attempt to respond to and investigate an assault in progress, and protect the public and preserve the peace.
Defendant’s motion to dismiss the charge of Penal Law § 195.05 as facially insufficient is denied.
Defendant’s motion to dismiss the offense of disorderly conduct is also denied. Penal Law § 240.20 (6) reads:
“A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: . . .
“6. He congregates with other persons in a public place and refuses to comply with a lawful order to disperse.”
The latter “statute does not require proof of the accomplished fact of public inconvenience, annoyance or alarm; but proof only from which the risk of it, recklessly created, might be inferred” (see People v Todaro, 26 NY2d 325, 328 [1970] [citations omitted]).
Here, the information contains sufficient nonhearsay allegations establishing a prima facie case that defendant intentionally or recklessly created a risk of public inconvenience, annoyance or alarm by refusing, without justification, the officer’s lawful order to move away from the other individuals at whom defendant was screaming (see People v Todaro, 26 NY2d 325, 328-329 [1970] [sustaining conviction under Penal Law § 240.20 (6) where information alleged that defendant congregated with others in a public place, used abusive and obscene language, and refused to comply with the lawful order of the officer to move on after several warnings]; see also People v Galpern, 259 NY 279 [1932] [cited with approval by Todaro, sustaining a conviction under section 722 of the former Penal Law, the predecessor to Penal Law § 240.20 (6), where, after a dispute with the officer, defendant failed to obey the officer’s direction to move on]).
*526 Defendant’s motion to dismiss the crime of resisting arrest is also denied. The information contains nonhearsay allegations establishing every element of the offense, including that the arrest was authorized and that there was probable cause to arrest the defendant for the underlying crime of obstructing governmental administration in the second degree and for the offense of disorderly conduct. The allegations in the information that defendant grabbed a metal fence, refused to remove his hands, then flailed his hands and twisted his body adequately established the element that defendant attempted to prevent his arrest.