■ In the Matter of KENDELL R., a Person Alleged to be a Juvenile Delinquent, Appellant. [897 NYS2d 83]—

Order of disposition, Family Court, Bronx County (Robert R. Reed, J.), entered on or about April 8, 2009, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed an act which, if committed by an adult, would constitute the crime of obstructing governmental administration in the second degree, and placed him on probation for a period of 12 months, unanimously reversed, on the law, without costs, and the petition dismissed.

The court's finding was based on legally insufficient evidence. The police came upon appellant and other persons, who were pushing and shoving each other, and who appeared to an officer to be either fighting or "goofing around." Appellant and the others failed to comply with a directive to break it up and go away. When the police placed the group, including appellant, against a wall, they responded with obscene language but no acts of physical resistance.

By attempting to restore order, the police were performing an official function within the meaning of Penal Law § 195.05. However, "interference" under that statute must be, "in part at least, physical in nature" (*People v Case*, 42 NY2d 98, 102 [1977]). Appellant did not struggle or do anything to interfere with the police, and he did not intrude himself into, or get in the way of, an ongoing police activity (*compare Matter of Davan L.*, 91 NY2d 88 [1997] [intrusion into narcotics operation]; *Matter of Joshua C.*, 289 AD2d 1095 [2001] [intrusion into investigation of domestic dispute]). Any physical contact between appellant and an officer was initiated by the officer. Appellant's failure to comply with the order to disperse, without more (*compare e.g. Matter of Quaniqua W.*, 25 AD3d 380 [2006]), lacked the requisite intentional physical component. Concur—Friedman, J.P., Catterson, Acosta, DeGrasse and Abdus-Salaam, JJ.