OPINION OF THE COURT
Frank P. Ñervo, J.
*236 Defendant, charged with a violation of Penal Law § 195.05, obstruction of governmental administration in the second degree, moves for an order dismissing the information for facial insufficiency (CPL 170.35, 100.40), and for Sandoval and Huntley hearings.
The accusatory instrument, signed by Detective Elija Brooks, states that a detective observed defendant and an unapprehended other person sell marijuana to a third person in front of 226 East 122nd Street, in Manhattan. Brooks states that he is informed by Detective Damien Bradshaw, who signed a supporting deposition, that as Bradshaw approached the location, he observed defendant receive a cell phone call and then “yell in[ ] substance to the unapprehended other: GO IN THE BUILDING, thereby preventing the arrest of said unapprehended other.”
Defendant argues that the words defendant allegedly used are “innocuous . . . even when coupled with an officer approaching.” The People, citing People v Alejandro (70 NY2d 133 [1987]) and People v Love (306 NY 18 [1953]), make only the general argument, with no reference to the facts of this case, that an information must contain nonhearsay allegations establishing each element of the charged offense and that if it meets this requirement it is sufficient “however awkwardly [it] may be drawn.” (306 NY at 23.)
Contrary to defendant’s argument, his words, yelled at a crime scene and, concededly, when an officer was approaching, are a legally sufficient basis for the charge of obstructing governmental administration (see Matter of Davan L., 91 NY2d 88 [1997]; People v Covington, 18 AD3d 65 [2005]) and so the information in this case is facially sufficient (see People v Casey, 95 NY2d 354 [2000]).
Uttering a warning of police activity from a place removed from a crime scene and not directed at a specific individual is not a basis for liability under Penal Law § 195.05. (People v Case, 42 NY2d 98 [1977].) Thus, broadcasting a warning over a radio that there was police radar surveillance at a certain highway location was not a crime under the statute.
However, the Court of Appeals, mindful of its holding that words alone are not the interference required under the statute, held that the statutory requirements were met in Matter of Davan L. (91 NY2d 88 [1997]). In that case, the respondent, at a location where police were about to enter, disobeyed the police directive to leave the scene and yelled “cops, cops . . . watch *237 out, Five-0, police are coming.” (Id. at 90.) The Court held the statute imposes liability for even this minimal activity that frustrates police activity. (Id. at 91.)
In People v Covington, in a voice that was “almost a yell,” defendant stated “yo, get out of the building, the police are coming in.” (18 AD3d at 67.) The First Department noted that while the police did not direct a specific warning to defendant, he “interjected himself into an obvious, defined area of police activity.” (Id. at 71.) These facts were legally sufficient to support defendant’s conviction under Penal Law § 195.05.
In the instant case, the accusatory instrument alleges facts showing that defendant was present at a place where police activity was apparent: another individual was being arrested; defendant acknowledges that an officer was approaching. Defendant yelled a warning to the unapprehended person, frustrating the arresting officer’s efforts. These facts allege a prima facie case of obstructing governmental administration. (People v Covington.) While defendant’s words may have been innocuous at another location under other circumstances, his geographical presence at a place where an arrest was imminent changes the nature of his utterance to a criminal act.
Defendant’s request for a Huntley hearing is denied as academic, as the People do not intend to offer at trial any statements defendant made to a law enforcement officer.
The part of the motion seeking a Sandoval hearing is granted to the extent that the hearing will be conducted by the trial judge.
Accordingly, it is ordered that the motion is granted to the extent that the trial judge will conduct a Sandoval hearing at the trial of this matter and is otherwise denied.