■ In the Matter of BRANDON D., a Person Alleged to be a Juvenile Delinquent, Appellant. [63 NYS3d 237]—

Order of disposition, Family Court, New York County (Adetokunbo O. Fasanya, J.), entered on or about June 8, 2016, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of assault in the second and third degrees, obstructing governmental administration in the second degree and resisting arrest, and placed him on probation for 12 months, unanimously affirmed, without costs.

The court's determination that appellant committed acts that, if committed by an adult, would constitute the crimes of assault in the second and third degrees, obstructing governmental administration in the second degree and resisting arrest was based on legally sufficient evidence and was not against the weight of the evidence (*see Matter of Luis L.*, 58 AD3d 543, 544 [1st Dept 2009], citing *People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's determinations concerning credibility. The testimony firmly established that appellant assaulted a police officer and interfered with an arrest while the officer was performing her official function (*Matter of Davan L.*, 91 NY2d 88 [1997]). His physical intrusion and actions were not justified, nor can they be excused simply because it was his mother who was being arrested and he was upset. Appellant also resisted arrest when the police attempted to handcuff him.

The Family Court providently exercised its discretion in placing appellant on probation for a period of 12 months (*see* Family Ct Act § 352.2 [1] [b]; *Matter of Cindy A.*, 31 AD3d 440 [2d Dept 2006]). The court appropriately took into account the nature of the incident, the Department of Probation's recommendation that appellant would benefit from probation, the appellant's poor school performance, and his attendance and disciplinary record, and made its determination, despite the fact that this was appellant's first offense (*Matter of Javed K.*, 57 AD3d 899 [2d Dept 2008]). Concur—Manzanet-Daniels, J.P., Andrias, Gische, Kern and Singh, JJ.