The People of the State of New York, Respondent,
against
Walid Hassan, Appellant.




Mark M. Baker, for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Kathryn E. Mullen of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Michelle A. Johnson, J.), rendered November 9, 2017. The judgment convicted defendant, after a nonjury trial, of attempted aggravated harassment in the second degree, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, and the accusatory instrument is dismissed.
Defendant was originally charged in an accusatory instrument with harassment in the second degree (Penal Law § 240.26 [1]) and two counts of aggravated harassment in the second degree (Penal Law § 240.30 [1], [2]). A supporting deposition, that had been executed by the complainant, was filed in which the complainant had attested to the truthfulness of the statements made in the accusatory instrument. Three months before the trial, the People filed a prosecutor's information which contained the original count of harassment in the second degree and which reduced the other two counts to attempted aggravated harassment in the second degree (Penal Law §§ 110.00, 240.30 [1], [2]). At a nonjury trial, following the conclusion of the People's direct case, defense counsel moved for a trial order of dismissal, and the Criminal Court granted the motion, in part, by dismissing one of the two counts charging defendant with attempted [*2]aggravated harassment in the second degree (Penal Law §§ 110.00, 240.30 [1]) and the count charging him with harassment in the second degree (Penal Law § 240.26 [1]). At the conclusion of the trial, the court found defendant guilty of the remaining charge of attempted aggravated harassment in the second degree (Penal Law §§ 110.00, 240.30 [2]). Thereafter, defendant was sentenced to 30 days' imprisonment. On appeal, defendant challenges the facial sufficiency of the count of the accusatory information of which he was convicted.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]), and a prosecutor's information, filed pursuant to CPL 100.50 (2), is defective when "the factual allegations of the original information underlying it and any supporting depositions are not legally sufficient to support the charge in the prosecutor's information" (CPL 170.35 [3] [b]). While the law does not require that the information contain the most precise words or phrases most clearly expressing the charge, the offense and factual basis therefor must be sufficiently alleged (see People v Konieczny, 2 NY3d 569, 575 [2004]). 
Penal Law § 110.00 provides that, "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." Pursuant to Penal Law § 240.30 (2), a person is guilty of aggravated harassment in the second degree when: "With intent to harass or threaten another person, he or she makes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication." The mere recitation in the accusatory instrument that the telephone call allegedly made by defendant to the complainant "had no legitimate purpose of communication," without providing a basis for such an allegation, does not establish this element of the offense (see People v Lewis, 52 Misc 3d 134[A], 2016 NY Slip Op 51025[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Hargrove, 47 Misc 3d 136[A], 2015 NY Slip Op 50499[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see generally People v Shack, 86 NY2d 529 [1995]). Consequently, as the original information failed to provide a basis for the allegation that defendant had engaged in conduct which tended to effectuate a telephone call that had no legitimate purpose of communication, it failed to allege every element of the offense (see CPL 100.40 [1] [c]). Thus, the count of attempted aggravated harassment in the second degree (Penal Law §§ 110.00, 240.30 [2]), charged in the prosecutor's information, was jurisdictionally defective (see CPL 170.35 [3] [b]; People v Gray, 40 Misc 3d 131[A], 2013 NY Slip Op 51128[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Stewart, 22 Misc 3d 131[A], 2009 NY Slip Op 50161[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; People v Singh, 1 Misc 3d 73 [App Term, 2d Dept, 2d & 11th Jud Dists 2003]).
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2019