People v Johnson (2021 NY Slip Op 03851)





People v Johnson


2021 NY Slip Op 03851


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-04417
 (Ind. No. 97/17)

[*1]The People of the State of New York, respondent,
v
Tyrell Johnson, appellant.


Gary E. Eisenberg, New City, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Anna Katharina Diehn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered April 4, 2018, convicting him of driving while intoxicated, as a felony, in violation of Vehicle and Traffic Law § 1192(3) and obstructing governmental administration in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of obstructing governmental administration in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of driving while intoxicated in violation of Vehicle and Traffic Law § 1192(3) beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, the evidence was legally insufficient to sustain the conviction of obstructing governmental administration in the second degree. A person is guilty of obstructing governmental administration in the second degree when that person "intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference" (Penal Law § 195.05). The interference must be "in part at least, physical in nature" (People v Case, 42 NY2d 98, 102), but "criminal responsibility should attach to minimal interference set in motion to frustrate police activity" (Matter of Davan L., 91 NY2d 88, 91; see People v Dumay, 23 NY3d 518, 524). Here, according to the arresting officers' testimony, the defendant was argumentative throughout the traffic stop and arrest-booking process, repeatedly refused to answer the officers' questions, and refused to participate physically in any way in the arrest-booking process, including refusing to stand for a photograph, to provide his fingerprints, or to sign a Miranda form [*2](see Miranda v Arizona, 384 US 436). The People concede that the defendant did not physically resist the officers, but argue that his conduct constituted physical interference because he refused to cooperate physically in the arrest-booking process. However, neither the defendant's conduct during the traffic stop nor his conduct during the arrest-booking process constituted a knowing, physical interference with, and disruption of, the official function being performed by the officers. The defendant did not struggle, physically resist, or do anything to interfere with the officers, and he did not intrude into, or get in the way of, any ongoing police activity (cf. Matter of Davan L., 91 NY2d 88; Matter of Joshua C., 289 AD2d 1095). The defendant's passive unwillingness to cooperate with the officers during the traffic stop and arrest-booking process lacked the requisite intentional physical component (see People v Brooks, 171 AD3d 778, 780; Matter of Kendell R., 71 AD3d 553, 554). Accordingly, we vacate the conviction of obstructing governmental administration in the second degree, vacate the sentence imposed thereon, and dismiss that count of the indictment.
Contrary to the defendant's contention, the County Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) reflected an appropriate balancing of the probative value of the defendant's prior convictions against the risk of unfair prejudice to the defendant (see People v Beaupre, 170 AD3d 1031, 1033; People v Seymour, 77 AD3d 976).
The defendant contends that he was deprived of the effective assistance of counsel. However, on this record, the defendant failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's alleged shortcomings (see People v Benevento, 91 NY2d 708, 712; People v Rivera, 71 NY2d 705, 709; People v Baldi, 54 NY2d 137, 147).
Contrary to the defendant's contention, the County Court did not err in refusing to permit him to substitute counsel in the midst of trial. The defendant failed to set forth "specific factual allegations of 'serious complaints about counsel,'" so as to trigger the court's duty to make a minimal inquiry (People v Porto, 16 NY3d 93, 100, quoting People v Medina, 44 NY2d 199, 207; see People v Hayes, 179 AD3d 835, 835). Nevertheless, the court conducted an inquiry in which it permitted the defendant to "articulate his complaints about defense counsel" (People v Jones, 173 AD3d 1628, 1630), following which the court properly denied the defendant's request inasmuch as good cause does not exist where, as here, the defendant makes only generic complaints concerning defense counsel's representation (see People v Larkins, 128 AD3d 1436, 1441).
The defendant's contention that the prosecutor made improper remarks during summation is unpreserved for appellate review (see CPL 470.05[2]; People v Cunningham, 171 AD3d 1207, 1208). In any event, the challenged remarks were either within the broad bounds of permissible rhetorical comment, responsive to defense counsel's summation, or fair comment upon the evidence (see People v Galloway, 54 NY2d 396, 399).
LASALLE, P.J., DILLON, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court