People v Monge (2024 NY Slip Op 51275(U))

[*1]

People v Monge

2024 NY Slip Op 51275(U)

Decided on September 16, 2024

Criminal Court Of The City Of New York, Bronx County

Bowen, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 16, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York

against
Victor Monge, Defendant.

Docket No. CR-028277-23BX

Sabrina Fincher, Assistant District Attorney, Bronx County, for the People 
Tarsila Gomez Delarosa, The Bronx Defenders, for Defendant

E. Deronn Bowen, J.

Summary
1. The defense motion to dismiss the charges of obstructing governmental administration in the second degree and driving while ability impaired on facial insufficiency grounds is DENIED.
2. The defense motion to deem illusory the People's statement of readiness is DENIED.
3. The defense motion to dismiss the information on statutory speedy trial grounds is DENIED, as 90 days are chargeable in this matter.
4. The defense motion to suppress the fruits of defendant's statements, observation, seizure and/or arrest is GRANTED TO THE EXTENT of ORDERING Dunaway/Huntley/Mapp hearings.
5. Sandoval and Molineux matters are RESERVED to the trial court for resolution.
6. All other branches of the defense omnibus motion are DENIED.
I. Procedural History
Defendant, Victor Monge, stands charged in an information with obstructing governmental administration in the second degree (Penal Law § 195.05 [1]); unlawful fleeing a police officer in a motor vehicle in the third degree (Penal Law § 270.25); criminal possession of a forged instrument in the third degree (Penal Law § 170.20); reckless driving (Vehicle and Traffic Law § 1212); aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]); and driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). Defendant was arraigned on December 24, 2023; the People served and filed a certificate of compliance and a statement of readiness (SoR) on Monday, March 25, 2024. Following extensive discovery conferencing (see CPL 245.35 [1], [2]), the instant motion schedule was set. Defendant served and filed an omnibus motion on August 12, 2024, to which [*2]the People served and filed oppositional responsive papers on September 6, 2024.[FN1]

II. The Defense Omnibus Motion
A. Facial Insufficiency Branch
1. Obstructing Governmental Administration in the Second Degree
In a branch of the omnibus motion defendant submits that the charge of obstructing governmental administration in the second degree (OGA) is pleaded insufficiently in the information (see CPL 100.15 [3]; 100.40 [1]; 170.35 [1] [a]). "A person is guilty of [OGA] when . . . [s]uch person intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act" (Penal Law § 195.05 [1]).
It is alleged in the information that the deponent, an NYPD police officer,
"observed defendant operating a blue 2003 Honda Accord . . . [by driving it, even] after being directed to stop by the activation of the lights and siren of deponent's unmarked police vehicle as well as by verbal direction over the police vehicle's intercom system.
Deponent further states that he observed defendant switch lanes without using a signal, drive through posted stop signs and weave between other vehicles in the road, causing said vehicles to adjust their speed to avoid a collision.
Deponent further states that defendant then exited his vehicle and ran on foot from the deponent despite verbal commands for the defendant to remain seated in his vehicle.
Deponent further states that he . . . was dressed in his official police uniform during the defendant's actions and performing his official duties and that the defendant interfered with his duties."
Matter of Davan L. (91 NY2d 88 [1997]) informs the court's evaluation of the facial sufficiency of the OGA pleading here. In Davan L., the respondent, a juvenile, was riding a bicycle in the vicinity of an undercover narcotics buy-and-bust operation.
"An[ ] officer of the undercover team, wearing plain clothes, displayed his badge, approached and identified himself to the juvenile. The officer urged the youngster not to get involved, not to return near the store, and to depart in the opposite direction. The 15-year-old, nonetheless, turned his bicycle around and entered the identified zone. Pedaling past the front of the store, he yelled 'cops, cops . . . watch out, Five-0, police are coming.' The youth was arrested nearby shortly thereafter and a juvenile delinquency petition based on [OGA] in violation of Penal Law § 195.05 was presented" (id., at 90).
Following a juvenile delinquency proceeding, the Family Court found that the respondent had committed an act which, if committed by an adult, would constitute the crime of OGA.
In affirming the Family Court determination, the Court of Appeals acknowledged as "undisputed . . . that purely verbal interference may not satisfy the 'physical' component under Penal Law § 195.05. . . . [I]n order to trigger criminal liability under § 195.05, the interference [*3]would have to be, in part at least, physical in nature" (Davan L., 91 NY2d at 91 [internal quotation marks and citations omitted]). The unanimous Davan L. court explained that the respondent's actions satisfied the "physical" component of OGA, as there was
"evidence that the juvenile caused a physical reaction and dispersal, escalating his conduct into an even more serious physical [OGA], under a plain reading and application of Penal Law § 195.05. A rational factfinder could conclude that he placed his own safety, as well as the safety of the officers and others in the public, at risk, and consequently interfered with and obstructed law enforcement administration" (id.).
In the instant matter—presuming true the non-hearsay and hearsay-excepted factual allegations of the information (see Penal Law § 100.40 [1] [c])—defendant is not alleged to have merely attempted to avoid police interaction, which, alone, has been found to not constitute OGA (see e.g. People v Offen, 96 Misc 2d 147 [Crim Ct, NY County 1978] [a store owner walking away from the police and locking himself in the store to avoid being served a summons did not constitute OGA]). Rather, defendant is alleged to have attempted to avoid police interaction by driving in such a manner as to cause "a physical reaction and dispersal [of other vehicles], escalating his conduct into an even more serious physical [OGA]" (Davan L. 91 NY2d at 91).
In other words, one reasonably "could conclude" from the allegations of the information, if true, that defendant "placed his own safety, as well as the safety of the officers and others in the public, at risk, and consequently interfered with and obstructed law enforcement administration" (id.). Alternatively, but relatedly, the allegations of the information, if true, demonstrate that defendant employed "independently unlawful acts" to avoid police interaction (Penal Law § 195.05 [1]; see Penal Law § 120.20 ["A person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person"]; Vehicle and Traffic Law § 1110 [a] ["Every person shall obey the instructions of any official traffic-control device," e.g., stop signs]; Vehicle and Traffic Law § 1163 [a] ["No person shall turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided"]; Vehicle and Traffic Law § 1212 ["Reckless driving shall mean driving . . . in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway"]). Accordingly, the branch of the omnibus motion seeking to dismiss the OGA charge as facially insufficient is DENIED.
2. Driving While Ability Impaired
Defendant avers in the same branch of the omnibus motion that the charge of driving while ability impaired is pleaded insufficiently "because the people failed to properly file the chemical breath analysis paperwork for the charged offense of V.T.L. § 1192(1)." It is alleged in the information that the deponent police officer "was present at the administration of a chemical test analysis of defendant's breath, and that defendant's blood alcohol content as displayed on the breath analysis machine was .04 of one percentum by weight." It is uncontested that no breath analysis printout of defendant's alleged blood alcohol content (BAC) has been filed and that no hearsay exception or exemption is applicable.
Contrary to the defense omnibus averment, however, the absence of supporting documentation for the hearsay BAC allegation is not fatal to the sufficiency of the section 1192 (1) charge for which a BAC result is not an element (compare Vehicle and Traffic Law § 1192 [*4][2-a] [a]; [2]). "After all, the point of an accusatory instrument is to give defendant fair notice of the charges levied against him or her. An excess of detail, therefore, cannot be fatal to its facial sufficiency" (People v Fernandez, 20 NY3d 44, 51 [2012]). The court does disregard the hearsay BAC result and will evaluate whether the remaining, non-hearsay, evidentiary allegations of the information sufficiently plead the offense (see CPL 100.40 [1] [c]; People v Kelly, 39 Misc 3d 137[A], 2012 NY Slip Op 52464[U], *2 [App Term, 2d Dept, 9th and 10th Jud Dists 2012] ["The deposition was sufficient to convert the complaint to an information notwithstanding the superfluous hearsay statements contained therein"]).
In addition to observing defendant driving a motor vehicle in a reckless manner, the deponent police officer alleges in the information that defendant had "watery eyes and a strong odor of an alcoholic beverage emanating from his breath." These nonhearsay allegations of defendant's driving and physical condition, along with the breath odor of alcohol, sufficiently support the pleading of "operat[ing] a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol" (Vehicle and Traffic Law § 1192 [1]; see People v Cruz, 48 NY2d 419, 427 [1979] [concerning driving while ability impaired, "the question . . . is whether, by voluntarily consuming alcohol, this particular defendant has actually impaired, to any extent, the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver"]). Accordingly, the defense application to dismiss the charge of driving while ability impaired as facially insufficient is DENIED.
B. Statutory Speedy Trial Branch
The parties agree, correctly, that the time from (but excluding) defendant's December 24, 2023, arraignment to (and including) the March 25, 2024, date of SoR service and filing, is chargeable (see CPL 30.30 [5]; General Construction Law § 20; People v Stiles, 70 NY2d 765, 767 [1987]; People v DiMeglio, 294 AD2d 239, 239-240 [2002]). This is, facially, a 92-day period. However, by this count, the People's 90th, and technically last available, chargeable day (see CPL 30.30 [1] [b]), fell on March 23, 2024, a Saturday. "General Construction Law § 25-a applies to extend the 90-day readiness period established under CPL 30.30 (1) (b) for defendants charged with certain misdemeanors" (People v Mandela, 142 AD3d 81, 85 [2016]). In other words, "when the 90th day of statutory time pursuant to CPL 30.30 falls on a Saturday, Sunday, or holiday, the People have until the next business day to state ready" (People v Sarcone, 79 Misc 3d 1222[A], 2023 NY Slip Op 50701[U], *2 [Crim Ct, NY County 2023]). This is the situation here. Accordingly, the court finds that Monday, March 25, 2024, was, effectively, the 90th chargeable day in this matter for statutory speedy trial purposes.
Defendant argues in a branch of the omnibus motion that the filing of the SoR at 10:04 p.m.—i.e., outside of the court's usual business hours—renders it illusory. The court disagrees.
"CPL 30.30 does not provide that the People must announce their readiness for trial during the court's business hours, e.g., 9:00 a.m. to 5:00 p.m. Rather, CPL 30.30 (1) (b) states that the People must be ready for trial within 90 'days.' Pursuant to General Construction Law § 19, a 'calendar day includes the time from midnight to midnight,' and the General Construction Law should be read into every statute subsequently enacted, unless the wording of a later statute plainly expresses a contrary intent. As CPL 30.30 does not express a contrary intent, the speedy trial time period is to be calculated by 'days,' not by any specific hour within the day. If the legislature had intended CPL 30.30 time calculations to be based on something other than 'days,' it would have specified the hours during which the act must take place" (People v Licius, 82 Misc 3d 18, 21 [App [*5]Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]; see People v Nichols, 79 Misc 3d 1211[A], 2023 NY Slip Op 50591[U], *5 [Crim Ct, Bronx County 2023]; People v McLean, 77 Misc 3d 492, 503 [Crim Ct, Kings County 2022] ["the fact that the filing of the SOR occurred after business hours, when the courts were theoretically closed, has no legal bearing on the People's actual readiness"]).
Accordingly, the defense application for a finding of SoR illusoriness based upon the hour of its filing with the court is DENIED.
All time after March 25, 2024, through the date of this decision and order, is excluded pursuant to the People's filing of a non-illusory SoR and the current motion practice (see CPL 30.30 [4] [a]). The court finds, therefore, that, as of the date of this decision and order, a total of 90 chargeable days have elapsed. This is not beyond the People's 90-day, statutory speedy trial "clock" (see CPL 30.30 [1] [b]). Accordingly, the branch of the omnibus motion seeking to dismiss the information on statutory speedy trial grounds is DENIED.
C. Remaining Omnibus Motion Branches
The branches of the omnibus motion seeking suppression of the fruits of defendant's observation, seizure and arrest are GRANTED TO THE EXTENT OF ORDERING the following hearings: Dunaway/Huntley/Mapp. All other branches seeking suppression or, alternatively, hearings are DENIED as duplicative of hearing requests herein granted or unsupported by the defense arguments and the record.
In particular, the branch of the omnibus motion effectively moving for Atkins/Gursey hearings is DENIED. The bareboned declaration that the "chemical breath test was performed in violation of [defendant's] limited right to consult with counsel before deciding whether to consent to chemical testing" is insufficient to grant a hearing. Defendant does not sufficiently allege any of the three points necessary to obtain Gursey suppression, or a hearing thereon, i.e., that "such a request" for counsel was made; that counsel was "physically present [or could] be reached promptly by telephone or otherwise" at the time of the request; and that it was "feasible for the police to allow defendant to attempt to reach counsel without unduly delaying administration of the chemical test" (People v Smith, 18 NY3d 544, 549 [2012]; see People v Gursey, 22 NY2d 224 [1968]). Likewise, the perfunctory, unilluminating attestation that the "chemical breath test was performed without [defendant's] voluntary consent" is insufficient to grant suppression or a hearing thereon.
Sandoval and Molineux motions are RESERVED to the trial court for resolution (see People v Sandoval, 34 NY2d 371 [1974]; People v Molineux, 168 NY 264 [1901]). All other branches of the omnibus motion have been reviewed and are DENIED as redundant of motions decided herein, duplicative of applicable constitutional or statutory guidelines, or unsupported by the defense arguments and the record.
The People are reminded of their continuing discovery, Giglio and Brady obligations (see CPL art 245; Giglio v US, 405 US 150 [1972]; Brady v Maryland, 373 US 83 [1963]). The defense, too, is reminded of its reciprocal discovery obligations (see CPL 245.20 [4]; 245.50 [2]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: September 16, 2024
Bronx, New York
E. Deronn Bowen, J.C.C.

Footnotes

Footnote 1:Defendant does not attack the validity of the sole certificate of compliance (CoC) served and filed in this matter (see CPL 245.50 [1]). Defendant also does not make an illusoriness claim against the statement of readiness accompanying the CoC on, specifically, discovery due-diligence grounds (see CPL 30.30 [5]).