■■■ In the Matter of JOSHUA C., Appellant. ONONDAGA COUNTY ATTORNEY, Respondent. [735 NYS2d 324] —Order unanimously affirmed without costs. Memorandum: Petitioner commenced this proceeding alleging that respondent committed acts that if committed by an adult would constitute the crime of obstructing governmental administration in the second degree (Penal Law § 195.05). We conclude that Family Court properly granted the petition. Upon arriving at the scene of a domestic dispute between respondent's parents, the Sheriff's deputies directed respondent to leave the scene. Respondent refused to leave and instead continued his disruptive behavior. In addition, when a deputy removed respondent's father to his patrol vehicle and transported him to another location in order to complete the investigation without interference, respondent walked to that location and continued his disruptive behavior. Respondent was then arrested when he approached a deputy who was trying to restrain respondent's brother. Contrary to respondent's contention, "inappropriate or disruptive conduct at the scene of the performance of an official function" falls within the ambit of obstructing governmental administration in the second degree (Penal Law § 195.05) even where, as here, there is no physical force involved (*Willinger v City of New Rochelle,* 212 AD2d 526, 527; *see, Matter of Davan L.,* 91 NY2d 88, 91-92; *People v Tarver,* 188 AD2d 938, *lv denied* 81 NY2d 893). Furthermore, we reject respondent's contention that the investigation was unlawful because the deputies entered

respondent's home without permission. The entry into the home upon responding to a report of a domestic dispute was permissible based on the possibility that an injured person was inside the home (see, *People v Longboat*, 278 AD2d 836, *lv denied* 96 NY2d 802). (Appeal from Order of Onondaga County Family Court, Rossi, J.—Juvenile Delinquency.) Present— Pigott, Jr., P. J., Hayes, Scudder, Burns and Gorski, JJ. (Filed Dec. 14, 2001.)