*880 OPINION OF THE COURT
John H. Wilson, J.
Defendant is charged with unlawful receipt of fare for providing access to Transit Authority facilities (21 NYCRR 1050.4 [c]), a violation, petit larceny (Penal Law § 155.25), and obstructing governmental administration in the second degree (Penal Law § 195.05), both class A misdemeanors. Defendant moved to dismiss the latter two charges of the Criminal Court complaint, pursuant to CPL 170.30, asserting that the People’s complaint is facially insufficient.[1]
In response to defendant’s motion, the People filed a response dated April 18, 2005 asserting that these charges were sufficiently pleaded.
Defendant’s motion is granted in part, and denied in part for the reasons stated below.
The defendant is alleged in the Criminal Court complaint to have been observed by the deponent, Police Officer Anthony Clemente,
“wrongfully taking from two individuals a sum of United States Currency that would otherwise have been paid to the New York City Transit Authority as lawful fares from said individuals, in exchange for which the Defendant swiped a Metrocard thrugh [sic] the subway turnstile for each of these individuals, thereby allowing the said individuals to enter the transit system beyond the turnstiles.”
The officer goes on to allege that, upon his arrest, the defendant was in possession of two unlimited ride Metrocards, for which the defendant did not have permission or authority to authorize access to the transit system for other individuals.
This opinion should be read in conjunction with this court’s decision in People v Lopez (8 Misc 3d 873 [Crim Ct, Kings County 2005]), which is rendered contemporaneously with this decision. There the defendant is charged with having possessed and used a bent Metrocard to gain access to the subway system.
This court has observed that, as the number of cases of alleged Metrocard misuse being brought by the People increases, there is an ongoing dispute between the People and the defense *881 bar as to the sufficiency of the charges that have been brought against defendants accused of crimes associated with the misuse of Metrocards. This opinion, and the Lopez opinion, are attempts to provide a uniform approach to the legal issues presented by these matters.
Under CPL 100.15, every accusatory instrument must contain two elements: (1) an accusatory portion designating the offense charged, and (2) a factual portion containing evidentiary facts which support or tend to support the charges stated in the accusatory portion of the instrument. These facts must provide reasonable cause to believe that the defendant has committed the crime alleged in the accusatory portion of the accusatory instrument. (See, People v Dumas, 68 NY2d 729 [1986].)
Further, under CPL 100.40, a misdemeanor information is facially sufficient if the nonhearsay facts stated in said information establish two things: (1) each and every element of the offense charged, and (2) the defendant’s commission of said crime. If both these factors are present, then the information states a prima facie case, and is sufficient. (See, People v Alejandro, 70 NY2d 133 [1987].)
Applying these principles, there can be no dispute that the factual allegations contained in the misdemeanor information before this court do not support the charge of obstructing governmental administration in the second degree pursuant to Penal Law § 195.05.
Penal Law § 195.05 states that a person is guilty of obstructing governmental administration in the second degree when
“he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television or other telecommunications systems owned or operated by the state” (emphasis added).
In his motion to dismiss, defendant ignores the conjunction “or” present in the statute, and substitutes an “and.” In so doing, defendant asserts that the People must show that the defendant “prevented or attempted to prevent another from performing a governmental function,” “the other person was a public servant,” “the function was an official act authorized by *882 law, and . . . the obstruction was sought to be accomplished by means of intimidation, force or interference.”
A plain reading of the statute proves the error of defendant’s argument.
Likewise, the People misstate the basis for their case by asserting that the defendant interfered “whether or not physical force is involved, with ... (a) telecommunications systems owned or operated by the state.” This is an obvious effort to “shoehorn” théir facts under the umbrella of Penal Law § 195.05.
The obstructing statute, while broad, simply does not include the conduct asserted here. There is no “intentional obstruction,” no “impairment or perversion of the administration of law,” no “other governmental function,” no “prevention or attempt to prevent a public servant from performing an official function,” whether by “means of intimidation, physical force or interference,” “or by means of any independently unlawful act.”
The defendant is alleged to have stood next to a subway turnstile and sold “swipes” from his unlimited access Metrocard to people willing to buy these “swipes.” These actions do not even remotely fit the proscribed conduct described in the statute, and the attempt to fit the defendant’s conduct under Penal Law § 195.05 tortures the wording of the statute beyond meaning.[2]
As to the People’s argument that “the interference being alleged is with a telecommunications system owned by the state,” there is no evidence presented by the People to establish that the Metrocard system is a “telecommunications system.” Further, the sale of “swipes” does not in any way interfere with the Metrocard system — only with the Transit Authority’s collection of fares from their customers.
Therefore, the charge of obstructing governmental administration in the second degree under Penal Law § 195.05 is hereby dismissed.
*883 As to the charge of petit larceny pursuant to Penal Law § 155.25, the central question is stated quite plainly — what Transit Authority “property” has the defendant stolen?
Under Penal Law § 155.25, “[a] person is guilty of petit larceny when he steals property.” Penal Law § 155.00 (1) defines property as “any money, personal property, real property, computer data, computer program, thing in action, evidence of debt or contract, or any article, substance or thing of value, including any gas, steam, water or electricity, which is provided for a charge or compensation.” (Emphasis added.)
Defendant asserts that the sale of “swipes” on an unlimited access Metrocard is not a theft of property as defined above, but is in fact a theft of a “transportation service” as defined in Penal Law § 155.00 (8). On the other hand, the People cite the last sentence of Penal Law § 155.00 (8), which provides that “[a] ticket or equivalent instrument which evidences a right to receive a service is not in itself service but constitutes property within the meaning of subdivision one.”
The People’s reliance on this exclusion is misplaced because the defendant is not charged with stealing the Metrocard itself. In fact, there is no allegation in the complaint that he came by the unlimited Metrocard by other than legal means. The true gravamen of the People’s complaint is that the defendant was misusing his card by selling rides to his fellow customers, and “swiping” them through the turnstile after they made their payments to him.
Thus, the question remains unanswered — what Transit Authority “property” has the defendant stolen?
Penal Law § 155.05 (1) defines larceny as “when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.”
The Practice Commentary of the Honorable William Donnino, J.S.C., to Penal Law article 155 states that:
“Larceny requires the specific intent to ‘deprive’ another of property or to ‘appropriate’ same to oneself or to a third person. The definition of the terms ‘deprive’ [§ 155.00(3)] and ‘appropriate’ [§ 155.00(4)] ‘connote a purpose ... to exert permanent or virtually permanent control over the property taken, or to cause permanent or virtually permanent loss to the owner of the possession and use thereof.’ ” (McKinney’s Cons Laws of NY, Book *884 39, Penal Law art 155, at 166 [1999], quoting People v Jennings, 69 NY2d 103, 118 [1986].)
Applying the basic standards of statutory construction to the factual allegations contained in the Criminal Court complaint, this court finds that the People’s allegations do tend to support the petit larceny charge. The “property” at issue here is the money to be collected by the Transit Authority from the customers to whom the defendant is selling the “swipes” from his unlimited Metrocard. By selling those “swipes,” the defendant is allegedly depriving the Transit Authority of its profits. (See, People v Barondess, 133 NY 649 [1892], revg on dissenting op 16 NYS 436, 441-446, 443-444 [1891] [the profits of a business are property so that one who threatens unlawfully to interrupt the business threatens injury to the property of the owner].)
The defendant’s actions can therefore be viewed as connoting “a purpose to exercise permanent or virtually permanent control” over the profits to be derived by the Transit Authority from the sale of the unlimited ride Metrocard, thus causing “a permanent or virtually permanent loss to the owner of the possession and use thereof.”[3]
Therefore, the branch of defendant’s motion which seeks dismissal of the charge of petit larceny pursuant to Penal Law § 155.25 as facially insufficient is denied.[4]
All other arguments advanced by defendant in his motion have been reviewed and rejected by this court as being without merit.

. Defendant does not present any argument regarding the sufficiency of the charge of unlawful receipt of fare for providing access to Transit Authority facilities under 21 NYCRR 1050.4 (c).

. Obstructing governmental administration has been held to apply where an individual fails to obey the lawful orders of a police officer (Decker v Campus, 981 F Supp 851 [SD NY 1997]), where an individual interferes in the arrest of another (Matter of Samuel VV., 217 AD2d 863 [3d Dept 1995]), or where an individual prevents the recovery of evidence by the police (People v Ravizee, 146 Misc 2d 679 [Crim Ct, NY County 1990]). This court has not found any case where the statute has been applied to circumstances similar to the facts at issue here, and this court declines to do so in this instance.

. The People’s position assumes that the holder of an unlimited use Metrocard has no legal right to transfer his card, or resell his use of said card. This position also assumes a certain cost-benefit analysis. If the defendant continued this behavior, there would come a point where the use of the card would exceed the profitability of said card.

. This court has only been called upon to decide whether the People’s factual allegations support or tend to support a charge of petit larceny herein. Whether or not the People will be able to establish the defendant’s guilt of this charge beyond a reasonable doubt is a matter left to the trier of fact if and when this matter reaches trial.