OPINION OF THE COURT
Robert M. Mandelbaum, J.
*380 Because this court concludes that the sale of a pay-per-ride MetroCard does not constitute petit larceny, defendant’s motion to dismiss that charge must be granted.[1]
Defendant stands charged by information with petit larceny, loitering, and illegal access to Transit Authority facilities, premised on allegations that on February 18, 2008, at about 2:35 p.m., inside the subway station at 116th Street and Lexington Avenue in Manhattan, defendant was standing for five minutes in front of the turnstiles, but did not enter the turnstiles to access a subway train; approached another person and offered to sell that person a MetroCard; and handed the other person a MetroCard in exchange for $2; and that the other person then “swiped” the MetroCard through the turnstile in order to enter the subway station beyond the turnstiles. Defendant contends that these allegations are insufficient to establish the class A misdemeanor of petit larceny.[2]
In order to be sufficient on its face, an information must provide reasonable cause to believe that the defendant has committed the crime charged and contain nonhearsay allegations that, if true, establish every element of the crime and its commission by the defendant (see CPL 100.40 [1] [b], [c]). Reasonable cause to believe that a person has committed an offense “exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it” (CPL 70.10 [2]).
A person commits petit larceny when “he steals property” (Penal Law § 155.25) — that is, when, “with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof’ (Penal Law § 155.05 [l]).[3]
The New York City Transit Authority (NYCTA) issues two distinct types of magnetically encoded farecards. Value-based *381 cards, frequently referred to as pay-per-ride MetroCards, contain “stored monetary value from which a specified amount of value is deducted as payment of a fare” (21 NYCRR 1050.2 [j] [1]). Time-based cards, also known as unlimited ride Metro-Cards, “permit entrance into facilities and conveyances for a specified period of time” (21 NYCRR 1050.2 [j] [2]).[4] Payment of the required fare includes “the use at a fare collection device of a time-based farecard for purposes of gaining lawful entry into a facility or conveyance” (21 NYCRR 1050.2 [k]).
To be sure, when a person sells the use of an unlimited ride MetroCard, receiving money in exchange for providing entrance into the subway system, he steals property. By collecting the value of a fare that would otherwise have been paid to the NYCTA, such person deprives the Authority of revenue (see People v Zayas, 8 Misc 3d 879 [Crim Ct, Kings County 2005]). But when it is, instead, a valid, full-fare pay-per-ride MetroCard that is exchanged for money, nothing has been stolen. After all, a value-based farecard containing $2 entitles a single person to a subway ride (see http://www.mta.info/metrocard/mcgtreng.htm [accessed May 14, 2008]). When the holder of the card receives $2 from another person, and in return provides a “swipe” through the turnstile, no one has been deprived of any property. The purchaser of the card has, of course, lost nothing; he has received the right of access to the subway that his $2 buys. Nor has the Authority lost anything of value. It has collected $2, albeit from a different customer, and given up one entry, thereby receiving payment for every subway ride taken.[5]
Thus, although the sale of a full-fare pay-per-ride MetroCard may support charges of loitering[6] and illegal access to Transit *382 Authority facilities,[7] as defendant does not dispute,[8] it does not constitute larceny. In the absence of an allegation that the fare-card traded by defendant was of a type whose unauthorized sale results in a loss of revenue by the NYCTA, the charge of petit larceny cannot be sustained.

. This court previously rendered an oral decision granting defendant’s motion. This opinion serves to explain the basis for the court’s prior ruling.

. Defendant does not challenge the facial sufficiency of the remaining counts, both of which are violations (see Penal Law § 240.35; 21 NYCRR 1050.10 [a]; Penal Law § 10.00 [3]).

. “Property” is defined as “any money, personal property, real property, computer data, computer program, thing in action, evidence of debt or contract, or any article, substance or thing of value . . . which is provided for a charge or compensation” (Penal Law § 155.00 [1]).

. “Facilities” means all property and equipment of “any rapid transit railroad or omnibus line,” including stations (21 NYCRR 1050.2 [b]); a “Conveyance” includes “any subway or rapid transit car or train” (21 NYCRR 1050.2 [e]).

. Of course, selling entry to the subway by use of a doctored pay-per-ride MetroCard can validly support a charge of petit larceny (see People v Griffin, 10 Misc 3d 1057[A], 2005 NY Slip Op 52006[U] [Crim Ct, Kings County 2005]; see also People v Mattocks, 51 AD3d 301, 304-305 [1st Dept 2008] [explaining the manner in which bending a value-based MetroCard enables a person to obtain subway entry for which the person has not lawfully paid]). Moreover, the sale of a reduced-fare or discounted MetroCard for the price of a full fare will also result in the diversion of merited revenue from the NYCTA.

. As relevant here, a person is guilty of loitering when he “[l]oiters or remains in any transportation facility . . . for the purpose of soliciting or *382 engaging in any business, trade or commercial transactions involving the sale of merchandise or services” (Penal Law § 240.35 [6]).

. The prohibition on providing illegal access to Transit Authority facilities provides that
“[ejxcept for employees of the [NYCTA] acting within the scope of their employment or other expressly authorized agents . . . , no person shall sell, provide, copy, reproduce or produce, or create any version of any fare media or otherwise authorize access to or use of the facilities, conveyances or services of the [NYCTA] without. . . written permission” (21 NYCRR 1050.4 [c]).

. “[A] statutory prohibition against a particular type of conduct will not be deemed to constitute the exclusive vehicle for prosecuting that conduct unless the Legislature clearly intended such a result” {People v Duffy, 79 NY2d 611, 614 [1992] [citation omitted]).