17-2670-cv(L)
*Antic v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of July, two thousand eighteen.

PRESENT:
        PIERRE N. LEVAL,
        GUIDO CALABRESI,
        DEBRA ANN LIVINGSTON,
           *Circuit Judges*.

_____

PERO ANTIC,

          *Plaintiff-Appellant*,

      v.                                  17-2670-cv(L),
                                          17-2674-cv(CON)

CITY OF NEW YORK, POLICE OFFICER PAUL GIACONA, individually and in his capacity as a member of the New York City Police Department, POLICE OFFICER DANIEL DONGVORT, individually and in his capacity as a member of the New York City Police Department, JOHN/JANE DOES, said names being fictitious and intended to represent individual officers, members, agents, servants and/or employees of the New York City Police Department in their individual and official capacity, POLICE OFFICER RICHARD CASTER, individually and in his capacity as a member of the New York City Police Department, POLICE OFFICER MICHAEL O'SULLIVAN, individually and in his capacity as member of the New York City

Police Department,

*Defendants-Appellees*.[*]

For Plaintiff-Appellant:                 NORMAN A. OLCH, ESQ., New York, New York; Derek S. Sells, The Cochran Firm, PC, New York, New York.

For Defendants-Appellees:             MAX O. MCCANN (Richard Dearing, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*) entered July 28, 2017.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Pero Antic appeals from a July 28, 2017 judgment of the United States District Court for the Southern District of New York granting Defendants-Appellees' motion for summary judgment. This civil rights action arises out of Antic's arrest in the early morning hours of Wednesday, April 8, 2015, around 4:30 a.m., while police officers attempted to clear crowds from the area following a violent stabbing (that was unrelated to Antic) outside of 1 OAK, a Chelsea nightclub. Antic's conduct in the stabbing's immediate aftermath, including his failure to comply with a police instruction to move out of the area, prompted his arrest and prosecution for, among other charges, obstruction of governmental administration ("OGA"), under N.Y. Penal Law § 195.05. The prosecution was dismissed. Antic then brought several claims against

---

[*] The Clerk of the Court is respectfully directed to amend the caption as set forth above.

2

Defendants-Appellees – various police officers and the City of New York – including false arrest and malicious prosecution. On appeal, Antic challenges only the district court's award of summary judgment to Defendants-Appellees on Antic's false arrest and malicious prosecution claims, contending principally that genuine disputes of material fact precluded the district court from concluding that Defendants-Appellees had arguable probable cause to arrest and prosecute Antic for OGA. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment, "construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor." *McBride v. BIC Consumer Prod. Mfg. Co., Inc.*, 583 F.3d 92, 96 (2d Cir. 2009). We affirm only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The non-moving party may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (citation omitted). In deciding a summary judgment motion, a district court considers "only admissible evidence." *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 269 F.3d 114, 123 (2d Cir. 2001).

Qualified immunity protects officials from damages liability if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (citations omitted). "'Clearly established' means that, at the time of the officer's conduct, the law was sufficiently clear that every 'reasonable official would understand that what he is doing' is unlawful." *D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018) (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011)); *see*

3

*also Ganek v. Leibowitz*, 874 F.3d 73, 81 (2d Cir. 2017) ("That determination is made not from the perspective of courts or lawyers, but from that of a reasonable officer in the defendant's position." (citations omitted)). After determining that a legal rule was clearly established, we ask whether "the legal principle clearly prohibit[s] the officer's conduct in the particular circumstances before him." *Wesby*, 138 S. Ct. at 590. The "specificity" of the rule a plaintiff seeks to apply is "especially important in the Fourth Amendment context." *Id.* (quoting *Mullenix*, 136 S. Ct. at 308). This is because "[p]robable cause 'turn[s] on the assessment of probabilities in particular factual contexts' and cannot be 'reduced to a neat set of legal rules.'" *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)) (second alteration in original).

A police officer is entitled to qualified immunity in the context of a false arrest claim if there was at least "arguable probable cause" at the time the officer arrested the plaintiff, *see Figueroa v. Mazza*, 825 F.3d 89, 100 (2d Cir. 2016), and a police officer likewise is entitled to qualified immunity on a malicious prosecution claim if there was "arguable probable cause" at the time the criminal proceeding commenced and continued, *see Betts v. Shearman*, 751 F.3d 78, 82, 83 (2d Cir. 2014). In assessing arguable probable cause, the inquiry is "whether *any* reasonable officer, out of the wide range of reasonable people who enforce the laws in this country, *could have* determined that the challenged action was lawful." *Figueroa*, 825 F.3d at 100 (emphases in original).

Turning to Antic's arrest and prosecution, Antic argues that genuine disputes of material fact should have prevented the district court from concluding that Defendants-Appellees had arguable probable cause to arrest and prosecute him for OGA. The applicable New York statute defining OGA provides that "[a] person is guilty of obstructing governmental administration when

4

he intentionally . . . attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act . . . ." N.Y. Penal Law § 195.05. OGA has four elements: "(1) prevention or attempt to prevent (2) a public servant from performing (3) an official function (4) by means of intimidation, force or interference." *Cameron v. City of New York*, 598 F.3d 50, 68 (2d Cir. 2010) (quoting *Lennon v. Miller*, 66 F.3d 416, 424 (2d Cir. 1995)). With respect to the fourth element, actionable "interference can consist of 'inappropriate and disruptive conduct at the scene of the performance of an official function even if there is no physical force involved.'" *Kass v. City of New York*, 864 F.3d 200, 209–10 (2d Cir. 2017) (quoting *People v. Romeo*, 9 A.D.3d 744, 745 (3d Dep't 2004) (citations and internal quotation marks omitted)), *cert. denied sub nom. Kass v. City of New York, N.Y.*, 138 S. Ct. 487 (2017); *see also In re Davan L.*, 91 N.Y.2d 88, 91 (1997) ("[C]riminal responsibility should attach to minimal interference set in motion to frustrate police activity.").

Here, there is no genuine dispute that police officers specifically ordered Antic to evacuate the crime scene outside of 1 OAK (located on West 17th Street near Tenth Avenue) on numerous occasions and even to leave the street corner closest to the nightclub on the northeast side of West 17th Street and Tenth Avenue (the "Corner"). And, in fact, in response to these clear and repeated police commands, Antic initially complied by entering a car to depart the crime scene. But, critically, and notwithstanding the police directives to the contrary, Antic later exited the car, returned to the Corner, and swiftly approached and made at least slight physical contact with a police officer involved in the arrest of Antic's friend, who was physically struggling with multiple nearby officers.

In the qualified immunity context, this failure to obey the police's instructions, even if short-lived, provided Defendants-Appellees with arguable probable cause to arrest and prosecute Antic for OGA. Indeed, several OGA cases have demonstrated that an arrestee's noncompliance with lawful police orders – including, as here, orders to move away from a designated area – constitutes arguable probable cause to arrest and prosecute the arrestee for OGA. *See Kass*, 864 F.3d at 204, 210 (holding that a reasonable officer could have concluded that the arrestee, a passer-by who resisted verbal and physical commands to move away from police barricades, interfered with police activity); *see also In re Isaiah C.*, 96 A.D.3d 617, 618 (1st Dep't 2012) (upholding an OGA interference finding where, as "court officers attempted to subdue and arrest [the arrestee's] companion following a courtroom disruption," the arrestee "approach[ed] them in a belligerent manner with raised hands despite their repeated directives to stay away, and intentionally sought to interfere with the officers' performance of their duties"); *Romeo*, 9 A.D.3d 744–45 (upholding an OGA interference finding where, while "two officers were attempting to transfer [the arrestee's] girlfriend from one police car to another when she became belligerent, uncooperative and struggled with them[,]" the arrestee "kept approaching despite several requests by one of the officers that he stay away and remain in a certain spot[,]" and "repeatedly ignored the requests"); *In re Joshua C.*, 289 A.D.2d 1095, 1095 (4th Dep't 2001) (mem.) (upholding an OGA interference finding where, while officers attempted to address a domestic dispute, the arrestee "refused to leave and instead continued his disruptive behavior").

In sum, given the undisputed facts in the record, the OGA precedents recounted above, and the "broad shield" provided by the qualified immunity defense, *Kass*, 864 F.3d at 206, we conclude that Antic failed to raise a material issue of fact as to whether Defendants-Appellees had arguable

6

probable cause to arrest and prosecute him for OGA. We thus discern no error in the district court's award of summary judgment to Defendants-Appellees on Antic's false arrest and malicious prosecution claims.[1]

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Because our arguable probable cause determination suffices to resolve Antic's appeal, we need not reach the district court's discussion of the other malicious prosecution elements, such as favorable termination and actual malice.