Matter of Burden v New York State Dept. of Corr. & Community Supervision, Bd. of Parole (2024 NY Slip Op 24141)

[*1]

Matter of Burden v New York State Dept. of Corr. & Community Supervision, Bd. of Parole

2024 NY Slip Op 24141

Decided on May 2, 2024

City Court Of Rochester, Monroe County

Barrett, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on May 2, 2024
City Court of Rochester, Monroe County

In the Matter of Rashad Burden, Appellant,

against
New York State Department of Corrections and Community Supervision and Board of Parole, Respondent.

MZ-05163-23/RO

For the Appellant: 
Alexander Prieto, Esq.
Assistant Monroe County Public Defender
10 N. Fitzhugh St.
Rochester, NY 14614
For the Respondent: 
Sean K. Glasheen, Esq.
Assistant Counsel to the Board of Parole
New York State Department of Corrections and Community Supervision
The Harriman Campus - Bldg. 4
1220 Washington Ave.
Albany, NY 12225

Melissa L. Barrett, J.

Appellant, Rashad Burden, appeals from a September 29, 2023 administrative law judge ("ALJ") decision revoking parole. The parties agree the ALJ properly sustained charges one, two, four, six, and seven listed within the violation of release report charge sheet, all technical violations.
The sole issue raised is whether the ALJ erred in holding charge eight to be a non-technical violation. Charge eight alleged appellant violated Rule 8 of the Conditions of Release when his behavior violated the provisions of law to which he is subject which provides for a penalty of imprisonment, in that on or about July 17, 2023, at approximately 3:15 A.M., he failed to charge his DOCCS-owned GPS unit which prevented DOCCS staff from monitoring appellant's location and was subsequently charged with obstruction of governmental administration in the second degree ("OGA"). 
Executive Law § 259-i(4-a)(a) permits a releasee to appeal non-technical violation findings in a parole revocation hearing to City Court. A non-technical violation is defined as "any of the charges sustained by the hearing officer [that] would constitute a misdemeanor or felony if such charges were or had been brought in criminal court." Executive Law § 259-i(4-a)(a).
Penal Law § 195.05 provides "[a] person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service or by means of releasing a dangerous animal under circumstances evincing the actor's intent that the animal obstruct governmental administration." 
While the physical interference prong of OGA has evolved over the years, the Court of Appeals has long held strict compliance with the statute is required because the crime is not intended to be an overly broad catchall for interactions between civilians and public servants. People v. Case, 42 NY2d 98 (1977). "Mere words alone do not constitute physical force or interference [as] .... the interference must be, in part at least, physical in nature." Matter of Davan L., 91 NY2d 88, 91 (2017). In addition, "inappropriate or disruptive conduct at the scene of the performance of an official function falls within the ambit of obstructing governmental administration in the second degree even where...there is no physical force involved." In re Joshua C., 289 AD2d 1095 (4th Dept. 2001) (emphasis added).
The telecommunication prong of OGA was added in 1984. The Legislative Memorandum stated that the then-existing second-degree crime was "inadequate to deal with interference with telecommunications, as they envision the use of direct physical force in the interference with governmental administration. Telecommunications interference, however, can be done by 'jamming' an emergency frequency or by interfering with transmissions at the sending tower in such manner that the person interfering with the transmission and the person or persons actually affected by the act are separated by a wide physical distance." See Penal Law § 195.05 Practice Commentaries. Case law is scant on the telecommunication system element of OGA. See People v. Zayas, 8 Misc 3d 879 (New York City Crim Ct 2005) (New York City metrocard system is not a telecommunication system), People v. Dixon, 9 Misc 3d 358 (New York City Crim Ct 2005) (diversion of funds from New York City metrocard system sufficiently establishes impairment of a governmental function).
At issue is whether appellant's conduct in charge eight was intentional, whether it [*2]constituted physical force or interference, and/or whether it constituted interference with a telecommunication system owned or operated by the state.
Here, the record does not establish appellant intentionally obstructed, impaired or perverted a public servant from performing an official function by means of physical force or interference, or by means of interfering with a telecommunication system owned or operated by the state based upon a single failure to charge his GPS unit on or about July 17, 2023, at approximately 3:15 A.M. As conceded by respondent at the revocation hearing, one missed period of GPS charge may not be an intentional act. Given that concession, the time of day of the alleged failure to charge, and lack of proof at the hearing regarding appellant's intent to physically interfere with a public servant or interfere with a telecommunication system, there is not clear and convincing evidence to establish the requisite mental state of intent.
With respect to physical force or interference, the ALJ found physical interference is not part of the elements of OGA. See ALJ Decision at p. 5. As such, respondent's contention that charge eight constitutes physical inference is not properly before the Court. Arguendo, assuming the Court could consider physical interference, the record is void of any proof appellant used physical force or interference. Additionally, even assuming failing to charge a GPS device in the middle of the night was inappropriate or disruptive conduct, no public servants were at the scene to establish physical interference. As such, the Court finds there is not clear and convincing evidence charge 8 constitutes physical force or interference.
Finally, the ALJ erred in holding the conduct alleged in charge 8 to be interference with a telecommunication system owned or operated by New York State. Based on the record, respondent failed to prove a single failure to charge a GPS device at 3:15 a.m. constituted interference with a telecommunication system. Moreover, respondent acknowledged appellant's failure to charge a GPS device had no impact on respondent's ability to monitor other releasee's subject to GPS monitoring on a system wide basis.
As a result, the Court holds there was not clear and convincing evidence charge 8 was a non-technical violation. It is hereby,
ORDERED the ALJ's decision finding charge 8 to be a non-technical violation is reversed, and it is further,
ORDERED appellant be restored to supervision in light of respondent's concession appellant served the maximum time assessment authorized for the remaining technical violations.
This shall constitute the Decision and Order of the Court.
DATED: May 2, 2024
Hon. Melissa L. Barrett
Rochester City Court JudgeENTER: